[S. F. No. 11557.   In Bank.—November 10, 1926.]

L. A. CRAIGHAN, Respondent, v. A. P. O'BRIEN et al., as Members of the Board of Health of the City and County of San Francisco, Appellants.

[1] MUNICIPAL CORPORATIONS—CIVIL SERVICE—CLASSIFICATION OF SERVICES—SAN FRANCISCO CHARTER.—The duties of inspector of indigents, head of child welfare bureau, head of tuberculosis division, field nurse, etc., as prescribed by the board of health of the city and county of San Francisco under the classification of social service workers, are so similar as to enable the civil

---

1.  See 18 Cal. Jur. 963.

service commission, under its charter powers, to embrace them within a single classification.

[2] ID. — REASSIGNMENT OF CIVIL SERVICE EMPLOYEES — POWER OF HEADS OF DEPARTMENT.—It is competent for the head of a department in the government of the city and county of San Francisco to assign and reassign employees in the same civil service classification to positions within that classification without violating either the letter or spirit of the civil service provisions of the charter; but such power of reassignment is properly exercisable only when the salaries and duties of the several positions from which and to which these assignments are made are reasonably within the same class and grade.

[3] ID. — DUTY OF CIVIL SERVICE COMMISSION — PRESUMPTION. — The civil service commission of San Francisco should not interfere in the transfer or reassignment of a civil service employee by the head of the department regardless of the title of the position, provided there is no change of duties and salary in the same grade, and when a transfer or reassignment is made within a particular classification the duties are presumed to be the same or so similar as to authorize the change.

(1) 28 Cyc., p. 588, n. 37 New.    (2) 28 Cyc., p. 588, n. 37 New. (3) 28 Cyc., p. 588, n. 37 New.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Walter Perry Johnson, Judge. Reversed.

The facts are stated in the opinion of the court.

John J. O'Toole, City Attorney, and Arthur H. Barendt for Appellants.

Grover O'Connor for Respondent.

Donahue, Hynes & Hamlin for Oakland Municipal Civil Service Employees' Association, *Amici Curiae.*

SHENK, J.—This is an appeal from a judgment ordering the issuance of a peremptory writ of *mandamus* directing the respondents and appellants, as members of and constituting the board of health of the city and county of San Francisco, to replace the petitioner and respondent in the position of inspector of indigents in the department of health.

There is no dispute as to the facts which we deem material to this controversy. On September 6, 1916, the civil service commission, in accordance with its charter powers, duly established as a distinctive classification in the classified civil service of the city and county the position of "Social Service Worker (includes Inspector of Indigents)." On the following day the commission, by resolution, directed that an examination of applicants for positions within that classification be held on September 28, 1916, and that due notice be given thereof. The notice was headed "Notice of Examination, SOCIAL SERVICE WORKERS" and specified that an examination of applicants for "positions as Social Service Workers (including Inspectors of Indigents)" would be held on said September 28th. The notice, among other things, contained the following:

"The subjects of the examination and their relative weights on a scale of 100 are: (1) Personality and Fitness, 30; (2) Experience, 30; (3) Written test, 40.

"The applicants will be examined orally on subjects Nos. 1 and 2, and will be rated on these subjects by a Board of Special Examiners as in the judgment of such Board shall seem just and proper. Subject No. 1 will include education, personal history, habits, age, physical appearance and address. Subject No. 2 will include experience had in social service work or work relating to the investigation, relief and rehabilitation of the indigent sick and poor. Experience had in public health work, in nursing, sanitation, teaching, etc., will also be considered.

"Under subject No. 3 applicants will be required to write reports telling what they did while acting as social service workers on certain hypothetical cases, outlined by the Examiners, relating to proper treatment and relief of the sick and needy. Under this subject questions will also be asked regarding proper methods for the prevention of the spread of communicable diseases, questions relating to sanitation in homes and places of dwelling, as well as general questions relating to the destitute sick and the duties of a social service worker."

As a result of the examination the civil service commission adopted and established "as an eligible list of Social Service Workers" fifteen successful applicants, at the head of which list was the name of the petitioner. On December 29, 1916,

the department of health requested the civil service commission to certify the name and address of the person standing highest on the register of eligibles for appointment to the position of social service worker with salary of eighty-five dollars per month attached to the position and whose duties were to be performed at the central office. A similar request for certification, of date January 12, 1917, and bearing the same number, but indicating that the person certified would receive one hundred dollars per month and would perform her duties at the central office as inspector of indigents, was transmitted to the civil service commission. In acting upon the request the commission decided that for the purposes of certification the second requisition was unnecessary and that the first be deemed amended so as to contain the change desired by the board of health. Thereupon, on January 13th, the commission directed its secretary to certify the No. 1 eligible on the register of "Social Service Workers." The petitioner was accordingly certified and was immediately assigned to a position in the tuberculosis bureau of the San Francisco Hospital. After performing her duties in that position for several weeks she was transferred by the board of health to the position of inspector of indigents. In that position she worked under the direction of the board of health and the health officer and her duties generally were to investigate the status of those claiming the right to enter the San Francisco Hospital, first to determine whether they were hospital cases, and, secondly, whether they were in such financial straits as to entitle them to enter. Upon her determination the applicant was accepted or rejected as a patient by the hospital authorities. At times she had assistants in her work. She held this position until November 9, 1922, when she was suspended from duty following charges of incompetency which had been lodged against her. The board of health conducted a trial on said charges, and on March 1, 1923, adopted the following resolution: "Resolved, that the Board of Health finds the charges of incompetency as made against Lily A. Craighan, Social Service Worker, not sustained. However, in view of the evidence of apparent discourtesy as developed in the testimony presented, it is the unanimous opinion of this Board that for the good of the service Miss Craighan shall be instructed and is hereby directed to report to the Health Officer for assignment to the

Social Service Department of the Tuberculosis Division of the San Francisco Hospital.''

After the adoption of said resolution the petitioner was instructed by the health officer to report for duty to the tuberculosis bureau. She was thereupon assigned to duty as a nurse in that bureau and rendered services in that capacity (under protest, however, to the effect that she had been illegally deprived of her former position of inspector of indigents) until her appointment in a new classification of field nurses under the following circumstances: On January 4, 1924, the civil service commission held an examination for field nurses. This examination was largely promotional from the class of graduate nurses and social service workers, but did not and would not abolish the old classification of social service workers so long as there were eligibles on the latter list. The plaintiff took the examination for field nurse on January 4, and on February 5, 1924, the civil service commission announced and established a list of some forty successful applicants eligible for appointment from that class. The petitioner was No. 1 on that list. On February 7, 1924, the board of health requested the certification of an eligible for appointment as field nurse for permanent employment. On February 20th the commission certified the name of the petitioner and on March 1st the health officer notified her of her appointment and she thereupon acknowledged the appointment by the indorsement of her signature on the notice of appointment. On March 25, 1924, the board of health assigned the petitioner to the position of supervising field nurse with the consent of the civil service commission, and so far as the record shows she is still occupying that position.

On February 5, 1924, the petitioner, through her attorney, presented an oral complaint and petition to the civil service commission, claiming that she had been illegally removed from the position of inspector of indigents and requesting that she be restored to that position. Thereafter, on the same day, the complaint and petition were denied on the ground that the petitioner had been appointed, had served her probationary period, and at all times had been employed as a social service worker within the general classification of social service workers and was subject to transfer and reassignment within that classification under civil service

rules. This proceeding was commenced on February 13, 1924, and throughout the course of the litigation the status of the petitioner as of that time has been deemed of determinative importance. It will be so considered for the purposes of this decision. It may be said incidentally that the trial court found on sufficient evidence that the petitioner was not estopped from asserting her rights in this proceeding by her delay in the commencement of the same nor by the acceptance under protest of her present position.

The principal question for solution is whether at the time of the commencement of this proceeding the position of inspector of indigents was such a separate and distinctive position in the classified civil service as to render it impossible for the board of health to legally transfer the occupant thereof to another position in the classification of social service workers. As bearing upon this question the provisions of the charter of the city and county relating to civil service authorized and directed the civil service commission to classify all places of employment in the several departments of the city (except exempted positions, of which the one now under consideration is not one) in accordance with the duties attached thereto. It was and is provided that "The commissioners may grade, and from time to time regrade, the positions covered by any class, in accordance with salaries and duties, to the end that like salaries shall be paid for like duties. . . . Before any new position is created, the authority creating such position shall secure from the civil service commission the proper designation of such position, and the title of such position shall correspond with the classification adopted in accordance with the provisions of this section. . . . Any classification or grading may be amended or abolished by the commission, and classes calling for similar qualifications may be consolidated, but persons who have been appointed from any such classes shall retain any position lawfully held thereunder so long as such position is maintained unless removed in accordance with the provisions of section 12." (Charter, art. XIII, sec. 2; Stats. 1913, p. 1611.) And no person employed in the classified civil service shall be removed or discharged except for cause (Charter, art. XIII, sec. 12; Stats. 1913, p. 1615). Under section 5 of article X of the charter the board of health is authorized to appoint, subject to civil service regulations,

199 Cal.—42

such officers, agents and employees as may be necessary for the proper and efficient carrying out and enforcement of the purposes and duties of the board, and to fix their salaries and prescribe their duties.

The purpose to create a branch of the public service to be known as social service workers is first evidenced by a communication of date December 13, 1915, addressed to the civil service commission, wherein the board of health stated that it desired to create such positions and requested information as to whether there was an existing eligible list from which appointees might be selected. In that communication the board specified generally the duties to be attached to the positions in the contemplated classification. Such duties included the following:

"1. Seeing that patients are removed from the Hospital as quickly as recovery will permit; aiding in the solution of their social problems that may to a certain extent be a factor in their illness. 2. Arranging for the transfer of incurable cases to the proper institutions when such cases should not longer be kept in the San Francisco Hospital. 3. Visiting the home of the patient to ascertain social conditions; providing if possible for the welfare of the family while the wage earner or mother is ill. 4. Endeavoring to obtain employment for patients who are about to be discharged; also for those who are physically handicapped by reason of disease. 5. Providing adequate care for persons convalescing from disease, after their discharge from the hospitals and before they are able to support themselves. 6. Arranging for care by relatives or friends located here or elsewhere, of patients who should not properly be a charge upon the city. 7. Following up the case of the unmarried girl and her child after discharge from the hospital. 8. Following up the child patient, after discharge to ascertain if home conditions are such that illness will not recur. 9. Providing for furnishing of surgical appliances, apparatus, glasses, etc., to those unable to purchase same."

Undoubtedly certain positions theretofore unclassified would fall within the classification contemplating the duties thus originally outlined and as specified in the notice of examination in September, 1916. The position of inspector of indigents was such a position, for it had been in existence for some time, but had never been classified and no examina-

tion had ever been held therefor, although it appears to have been a position subject to inclusion in the classified civil service. The duties incident to that position fell reasonably within the classification to be established and was very properly included therein. According to the undisputed evidence the position of inspector of indigents was specifically mentioned as being included in the classification of social service workers to remove all doubt as to the classification to which it might belong, The petitioner must be deemed to have considered that such was the situation when she took the examination in September, 1916, for without that examination and a favorable rating she would not have been entitled to her certification from that class. She was placed on the eligible list of social service workers, received her appointment from that list and served as an eligible from that list for about five years. She earnestly insists, however, that the duties attached to the position of inspector of indigents are executive in character in that the person performing the same is required to pass upon the merits of applications for admission to the San Francisco Hospital, that such person usually has several assistants in the work and that the position is generally considered as the head of a department or bureau. But even so it would not follow that such duties might not be performed by any person eligible to appointment in the classification of social service workers. The occupant of that position might well be considered as the head of a division or bureau in the social service work, but it also appears that there are other positions in said classification which are considered as of similar importance, such as the head of the child welfare bureau and head of the tuberculosis division, all filled from the classification of social service workers, and all subject to be filled by anyone on that eligible list by proper certification. It is conceded that it would be beyond the power of the civil service commission to include in any one general classification numerous positions whose duties would be so dissimilar as to bear no reasonable relation one to the other, such, for example, as a captain of police and a draftsman in the city engineer's office. But such is not the situation here presented. [1] The duties of inspector of indigents, head of child welfare bureau, head of tuberculosis division, field nurse, etc., were so similar as to enable the civil service com-

mission, under its charter powers, to embrace them within a single classification. The record before us would seem to admit of no other reasonable construction and is insufficient to support the finding of the court to the contrary.

[2] It is clear that it is competent for the head of a department to assign and reassign employees in the same civil service classification to positions within that classification without violating either the letter or spirit of the civil service provisions of the charter. The respondents concede, as indeed they must, that such power of reassignment is properly exercisable only when the salaries and duties of the several positions from which and to which these assignments are made are reasonably within the same class and grade. No question of difference of salary is here involved, and there is no reasonable basis for concluding that it was beyond the power of the board of health to transfer the petitioner to any position included in the classification of social service workers. [3] The civil service commission has properly taken the position that it will not interfere in the transfer or reassignment of a civil service employee by the head of a department regardless of the title of the position, provided there is no change of duties and salary within the same grade, and that when a transfer or reassignment is made within a particular classification the duties are presumed to be the same or so similar as to authorize the change. There is nothing in the record indicating that this presumption may not be indulged in this case. For the reasons indicated the commission refused to interfere in the transfer of the petitioner from the position of inspector of indigents to the position which she occupied at the time of the commencement of this proceeding for at that time the two positions were within the same classification and consequently within the same grade.

The attitude of the civil service commission and the board of health would seem to promote the interests of the public service and of the civil service employees as well. On the one hand it enables the head of a department to assign employees within a civil service classification to positions therein of the same grade to which they are most adaptable, and on the other hand preserves for the employees highest on the register the security of their employment within the classification in the event some of the positions therein be

abolished.   To hold otherwise would be to establish a rigidity
of position within a particular classification not in conso-
nance with the right of the head of a department to exercise
a reasonable discretion in assignment to positions within the
class and also unduly restrict the right of employees stand-
ing highest on the eligible lists.   It is, therefore, concluded
that the board of health was within its rights in transferring
the petitioner from her position to another position in the
same classification as was done in this case, and that the per-
emptory writ should have been denied.

The judgment is reversed.

Waste, C. J., Richards, J., Seawell, J., Curtis, J., and
Finlayson, J., concurred.

Rehearing denied.