[Civ. No. 27562. Second Dist., Div. Four. Dec. 31, 1963.]

HAROLD V. ASHER et al., Plaintiffs and Appellants, v. THE CITY OF LOS ANGELES et al., Defendants and Respondents.

Jerrell Babb for Plaintiffs and Appellants.

Roger Arnebergh, City Attorney, Bourke Jones, Assistant City Attorney, and Marcus E. Crahan, Jr., Deputy City Attorney, for Defendants and Respondents.

KINGSLEY, J.—Prior to the events herein involved, the Los Angeles Fire Department had (so far as herein involved) three ranks or grades: fireman (Code 2111), auto fireman (Code 2121) and engineer of fire department (Code 2131).

Petitioners had been duly appointed to, and held, positions as auto firemen.[1]

In 1960, the department, with the concurrence of the Civil Service Commission and of the city council, reorganized the departmental structure. In addition to the substitution of a three-platoon system for a two-platoon system, the position of auto fireman was made a "terminal" post—i.e., no new appointments were to be made to that position and it would be discontinued as soon as all then existing auto firemen died, retired, resigned or were promoted. By action effective July 1, 1960, the duties formerly assigned to the position of auto fireman were divided, some being reassigned to the "Firemen" position and some to the "Engineer" position. By ordinance, the city council created, as of January 1, 1961 (the date set for the institution of the departmental reorganization), several hundred new positions in the "Engineer" class, and reduced the authorized number of auto firemen from 330 to 90, but with a proviso that this number was to be increased to the extent necessary to keep in that position all the then auto firemen until they died, retired, resigned or were promoted. By reason of a promotional examination, 119 of the 330 auto firemen qualified for promotion to the engineer grade. Petitioners, not having been promoted,[2] sought a writ of mandate to compel the automatic reclassification of *all* auto firemen into the higher paid engineer class. They are still employed by the department, remain classified as auto firemen and continue drawing the pay established for that position. They have been assigned to perform duties which, while within the duties of the "Fireman" position as currently reclassified, were duties (although of the lower

[1]One petitioner is the widow of a deceased auto fireman, four petitioners have retired since January 1, 1961, and two have been promoted since that date. All claim that their rights to salary since January 1, 1961, or their retirement and pension rights, have been affected by the events forming the basis of the petition. In the view we take of the case, the differences in the present status of these six petitioners is unimportant and we treat the case as though it involved only petitioners presently employed as auto firemen.

[2]Of the 121 auto firemen who did not qualify for promotion by the examination, some took and failed the examination, others refused to take the examination because they believed that, for the reasons urged in this case, they were entitled to an automatic promotion. The rights of the nonpromoted auto firemen do not turn on whether or not they took the "promotional" examination and no distinction between the two subgroups is herein made or intended.

skills) which were among the duties of an auto fireman prior to the reorganization.

Except for one stipulation of fact hereinafter referred to, the case was submitted to the trial court on the verified petition, a verified answer thereto, and reply. The pleadings are an admixture of allegations of fact, conclusions of law, and argument.

At the suggestion of this court, the city attorney has filed herein copies of the job descriptions of the classes of fireman, auto fireman and engineer of the fire department, as promulgated by the civil service commission and in force prior to July 1, 1960, and of the classes of fireman and engineer of the fire department as promulgated and in force subsequent to July 1, 1960, and as existing at the present time. Pursuant to rule 23 of the California Rules of Court, these documents are added to the record on appeal herein. Our statements as to the relation between the duties of petitioners before and after the proceedings of which they here complain are based on our examination of these documents as well as on the factual statements made in the pleadings.

No real dispute exists as to the facts and, as did the trial court, we decide the case on the legal issues involved.

■ Appellants argue that the actions taken by the city violate section 135(1) of the Charter of the City of Los Angeles. The language relied on reads as follows: ''The right of an officer or employee of the Fire Department to hold his office or position and to the compensation attached to such office or position is hereby declared to be a substantial property right of which he shall not be deprived arbitrarily or summarily, nor otherwise than as herein in this section provided.'' The contention is without merit. Petitioners continue to hold the same position as that to which they were appointed, under the same title, and with the same compensation; the quoted language grants them no more.

■ Secondly, petitioners contend that, since admittedly no written notice of the reorganization plan was given to them individually, the action violated the provisions of Ordinance 89935 of the City of Los Angeles. Again, the contention is answered by the very language relied on. The ordinance is directed to cases in which a position is ''re-allocated.'' But petitioners' position has not been reallocated. It remains exactly as it was before the reorganization. All that has happened is that the duties of two other positions have been increased so that, in addition to the duties assigned

thereto before the reorganization, there have been added new duties overlapping those which at all times have been assigned to the position of auto fireman. The result is that, in the discretion of the chief engineer of the fire department, a particular act may now be performed either by an auto fireman (so long as any continue to exist) or by some other employee—as to certain tasks, the "other employee" will be a "Fireman," as to certain tasks, the "other employee" will be an "Engineer."

The fact that, while the chief engineer may still legally assign an auto fireman to perform any of the duties assigned to that class before the reorganization, he now does not do so but, as petitioners allege, normally assigns auto firemen only to the less skilled duties of their grade, does not result in any legally recognizable wrong even though it may result in hurt pride and injured feelings. As the court said in *Craighan* v. *O'Brien* (1926) 199 Cal. 652, 661 [250 P. 653] : "To hold otherwise would be to establish a rigidity of position within a particular classification not in consonance with the right of the head of a department to exercise a reasonable discretion in assignment to positions within the class. . . ."

None of the cases relied on by petitioners sustain their contention here. In all of them the governmental employee either was formally demoted to a position of lower grade, or was assigned to duties which were exclusively those of a lower ranking position and not within the normal duties of the position to which he had been appointed.[3] Here, however, while it may be true that petitioners are not currently being assigned to perform *all* of the tasks to which they earlier were assigned, the tasks to which they are now assigned are *among* those to which they were earlier assigned.   In short, petitioners were, and still are, auto firemen and were, and

[3]In *Kennedy* v. *Board of Education* (1890) 82 Cal. 483 [22 P. 1042], the plaintiff, a school teacher, had been reduced in grade and in salary; in *Reed* v. *City Council of City of Roseville* (1943) 60 Cal.App.2d 628 [141 P.2d 459], plaintiff was transferred from "Housing and Sanitation Inspector" to "Special Police Officer," the title, and the duties, were different and the transfer was, in all respects, a demotion; in *Lotts* v. *Board of Park Comrs.* (1936) 13 Cal.App.2d 625 [57 P.2d 215], plaintiffs were reduced from full-time to part-time employees, with consequent reduction in pay; in *Parker* v. *Maynard Boyce, Inc.* (1946) 74 F. Supp. 581, plaintiff was reduced from president and general manager to office manager, with pay and authority below that of a newly appointed general manager; in *Simmler* v. *City of Philadelphia* (1938) 329 Pa. 197 [198 A. 1], plaintiff was reduced in rank from deputy chief engineer of the fire department to hoseman with attendant reduction in pay.

still are, performing duties included within that position and drawing the compensation attached thereto. The charter, ordinances and civil service machinery entitle them to no more. (*Craighan* v. *O'Brien, supra* (1926) 199 Cal. 652; *Broyles* v. *Carter* (1956) 142 Cal.App.2d 647 [299 P.2d 299].)

▉ Petitioners contend, also, that they are, in some way, deprived of rights by virtue of the fact that "Firemen" may receive, after a long period of service in that grade, "longevity" pay, which is denied to the higher grades and which might, conceivably, result in a "Fireman" with many years service being paid more than an "Auto Fireman" in the first step of pay for his grade. Since this system of pay has existed for many years, we do not see how the reorganization herein complained of has affected petitioners with respect to its operation. More important, nothing in the charter restricts the power of the city council to establish pay rates. (*Monahan* v. *Department of Water & Power* (1941) 48 Cal.App.2d 746 [120 P.2d 730].) The contention has no merit.

The judgment is affirmed.

Burke, P. J., and Jefferson, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied February 26, 1964.