[Civ. No. 14467.   First Dist., Div. One.   Nov. 8, 1950.]

E. J. ROUSSEY et al., Appellants, v. CITY OF BURLIN-GAME et al., Respondents.

J. W. Coleberd and Richard P. Lyons for Appellants.

I. Karmel, City Attorney, for Respondents.

WOOD (Fred B.), J.—Plaintiffs appeal from a judgment denying their application for a writ of mandamus commanding the city of Burlingame and the members of its city council to grant the application of plaintiffs to subdivide certain land.

The complaint pleads an ordinance of the city of Burlingame which provides that any person desiring to change the description or boundary lines of any lot or lots of land shall apply therefor to the city council, stating the reasons for the proposed change and setting forth by map or plat the existing and the proposed changed lines or boundaries, whereupon notice of hearing upon the application shall be given by the city council, which after the hearing shall grant or deny the application. The ordinance, as pleaded, further provides that no permit shall be granted for the construction of any building on any lot or lots the descriptions or boundaries of which have been changed unless the provisions of the ordinance are complied with.

The complaint further alleges that appellants are the owners of two adjoining lots of land (numbered 4 and 5) situate at the corner of Easton Drive and Cortez Avenue, each lot having a frontage of 50.31 feet on Easton Drive, lot 5 having a frontage of 202 feet along Cortez Avenue; that each lot has a dwelling house on it near Easton Drive; that appellants desire to erect a dwelling house upon the remaining portions of these two lots, and for that purpose furnish metes and

bounds descriptions of, and a map or plat depicting, the existing and the proposed changed lines or boundaries, showing, if the application be granted, two lots, already improved, with a frontage of 50.31 feet each on Easton Drive, a depth of over 100 feet and an area of more than 5,000 square feet each, and a third lot, to be improved, with a frontage of 88.75 feet on Cortez Avenue, a depth of 100 feet and an area of more than 8,800 square feet.

The complaint then alleges that, in conformity with the requirements of the ordinance, appellants applied to the city council for the proposed change of lot lines, making a copy of that application and of the accompanying map or plat a part of the complaint; that the council heard the application and denied it, and that in denying it the council "acted arbitrarily, unlawfully, unjustly and in violation of the rights of plaintiffs as owners of the land described."

The trial court issued an alternate writ of mandamus requiring respondent city council and councilmen to grant the application for subdivision of the lots or to show cause why they had not done so.

Respondents filed an answer and return, in which they admitted that the city council denied the petition for subdivision of the lots but alleged that in so doing the respondents "were invested with the indefinite discretion to grant or deny the said Petition, and after said hearing and due consideration, the said defendants, as the City Council of the City of Burlingame, and entirely within their discretion, denied the said petition," and denied that "in denying the petition of Plaintiffs they acted arbitrarily, unlawfully, unjustly, and/or in violation of the rights of Plaintiffs as the owners of the land described in the Complaint herein," and denied that "Plaintiffs have no other plain, speedy and adequate remedy in the ordinary course of law."

Appellants demurred to respondents' answer and return. This demurrer, after hearing, without the taking of any evidence, was overruled by orders in writing which took the form of findings of fact, conclusions of law and judgment. The court declared the allegations of the complaint true save for certain exceptions, the court finding (1) that in denying the petition for subdivision the city council did not act arbitrarily, unlawfully, unjustly or in violation of the rights of appellants, (2) that it is not true that appellants do not have any other plain, speedy or adequate remedy in the ordinary course

of law, and (3) that in denying the petition for subdivision the respondents were "invested with the indefinite discretion to grant or deny the said Petition, and after said hearing and due consideration, . . . and entirely within their discretion, denied the said petition."

As conclusions of law, the court held (1) that the action taken by the city council is within the police power prescribed in section 11 of article XI of the state Constitution and is not founded upon the ordinance pleaded in the complaint, such ordinance being merely procedural matter relating to the council's handling of such problems, (2) that appellants had failed to show arbitrary exercise of discretionary power on the part of the council, and (3) that appellants had not been deprived of any property right.

This, in effect, is a holding that the complaint does not state a cause of action because the city council in granting or denying a petition for subdivision of lots exercises an unlimited and uncontrollable discretion, not a power to grant or withhold permission in the honest exercise of a reasonable discretion.

That is not the law. Section 11 of article XI of the state Constitution does not confer such a power upon the city. It is but a grant of the police power, declaring, as it does, that "Any county, city, town, or township may make and enforce within its limits all such local, police, sanitary and other regulations as are not in conflict with general laws." It is a power that may not be unreasonably invoked and applied. It is not illimitable. The marking and measuring of the extent of its exercise and application is determined by a consideration of the question whether or not the invocation of the power, in any given case and as applied to existing conditions, is reasonably necessary to promote the public health, safety, morals, or general welfare of the community. (*Miller* v. *Board of Public Works*, 195 Cal. 477, 484 [234 P. 381, 38 A.L.R. 1479], and cases cited.)

The ordinance, adopted in the exercise of the police power must be read in the light of the scope and the limitations of the scope of that power. It is true that the ordinance here involved, in declaring that the city council after hearing a petition for subdivision of lots "shall grant or deny it," does not spell out standards to guide the council in so acting. If appropriate standards cannot be implied, the ordinance must fall as an abortive attempt to confer arbitrary, unlimited power upon the council. There are precedents

for reading such standards into such an ordinance.

In *Lieberman* v. *Van De Carr*, 199 U.S. 552 [26 S.Ct. 144, 50 L.Ed. 305], the court had under consideration a provision of the sanitary code of New York City which prohibited the sale or delivery of milk "without a permit in writing from the board of health, and subject to the conditions thereof." Against the contention that this provision devolved upon the board absolute and despotic power to grant or withhold permits, the New York Court of Appeals had held that the regulations mentioned "should be uniform, and the board should not act arbitrarily; and if this section of the sanitary code vested in them arbitrary power to license one dealer, and to refuse a license to another similarly situated, undoubtedly it would be invalid . . .; but such was not its purpose, nor is that its fair construction." This the Supreme Court of the United States deemed the sustaining of a "grant of power to issue or withhold permits in the honest exercise of a reasonable discretion" (199 U.S. at p. 559) and concluded that the ordinance authorized "the exercise of a legal discretion in the granting or withholding of permits to transact a business" (199 U.S. at p. 563).

The Lieberman case was cited with approval by our own Supreme Court in holding valid a city ordinance which provided that wherever the city electrician should find any electric wiring, fixtures, equipment, or work installed which was dangerous to life or property, he should notify the owner to cease using it and have the indicated defects repaired within a reasonable time, not exceeding 10 days. The court deemed the ordinance but a delegation of power to an administrative officer to ascertain and determine the existence of facts upon which the enforcement of its provisions depended, a power to act in the honest exercise of a reasonable discretion, not a power to act arbitrarily. (*Gaylord* v. *City of Pasadena*, 175 Cal. 433 [166 P. 348].)

The Gaylord case was followed in *In re Holmes*, 187 Cal. 640 [203 P. 398], holding valid a provision of the San Francisco charter which gave the board of police commissioners power "To grant or refuse to grant permits to any person engaged or desiring to engage in business as . . . dealer in second-hand merchandise . . ." (187 Cal. at p. 642.) That was challenged as an ineffectual attempt to confer a general and unqualified power to grant or refuse such permits. In overruling that contention, the court observed that the ap-

parent grant of power to act without restraint or qualification arose merely from the difficulty of defining in advance upon what conditions the permits shall be given. It will not be assumed, said the court, that the council, board, or officer to whom such a power is given will act arbitrarily, or otherwise than in the exercise of a sound discretion, concluding with this statement: "If this petitioner had applied for a permit under the requirement of the section of the charter above quoted, and been either whimsically or arbitrarily refused such permit, he might then, as is shown in *Gaylord* v. *City of Pasadena, supra,* have had recourse to the courts for relief from such unjust and arbitrary action." (187 Cal. at p. 647.)

Hence, it seems clear that the city council of Burlingame, in granting or denying a petition for the subdivision of lots, does not exercise an "indefinite discretion," may not act arbitrarily or whimsically, has but a legal discretion, the power to grant or deny the petition in the honest exercise of a reasonable discretion.

At the oral argument, in order to avoid procedural difficulties, counsel for respondents stipulated that, in the event the judgment were reversed and the cause remanded, this court should provide for a trial on the merits of the issues presented.

The judgment should be reversed and the cause remanded for trial of the issues, including the issue whether or not the city council in denying appellants' petition for subdivision of lots acted arbitrarily, unlawfully, unjustly and in violation of the rights of appellants as owners of the land described.

That portion of the answer which alleges that the council acted in the exercise of an indefinite uncontrolled discretion is but a conclusion of law, an erroneous conclusion, as we have found.

The remedy of mandamus is available where it is alleged and shown that a local board has acted arbitrarily and in abuse of its discretion. (*Naughton* v. *Retirement Board of S. F.,* 43 Cal.App.2d 254, 257 [110 P.2d 714], and cases cited; see also *Walker* v. *City of San Gabriel,* 20 Cal.2d 879, 881 [129 P.2d 349, 142 A.L.R. 1383].)

The judgment is reversed and the cause remanded for trial of the issues as indicated herein.

Peters, P. J., and Bray, J., concurred.