[Civ. No. 36440. Second Dist., Div. Four. Dec. 30, 1970.]

WILLIAM D. McLEOD, Plaintiff and Respondent, v.
BOARD OF PENSION COMMISSIONERS OF THE
CITY OF LOS ANGELES, Defendant and Appellant.

## COUNSEL

Roger Arnebergh, City Attorney, John Daly, Assistant City Attorney, and Siegfried O. Hillmer, Deputy City Attorney, for Defendant and Appellant.

Harvey A. Schneider for Plaintiff and Respondent.

## OPINION

**DUNN, J.**—After serving as a police officer for the City of Los Angeles, William McLeod retired from active service because of allegedly severe personal injuries sustained in the performance of duty. After his retirement, he filed an application for a disability pension with the Board of Pension Commissioners of the City of Los Angeles. A hearing was had and the application was denied. Thereafter the board agreed to grant a rehearing and re-

quested that McLeod undergo new physical examinations. Pursuant to this request, he was examined by three physicians, Doctors Jordan, Peluso and Dueker. Reports based on the examinations were submitted to the board by the doctors. Upon receiving copies of these reports, McLeod requested that the board fix a date for the rehearing and that it issue subpoenas requiring Doctors Peluso and Dueker, and a Dr. Mawardi,[1] to attend the hearing in order that they might be cross-examined by McLeod's attorney. The board refused to issue the subpoenas until McLeod "arranged to pay or shall have paid each of [the doctors] to attend any such hearing."

McLeod then filed in the superior court a petition for a peremptory writ of mandate, commanding the board to issue the subpoenas. He alleged he was willing to pay the ordinary witness fees provided by law, and that the board had abused its discretion by refusing to issue the subpoenas unless he paid expert witness fees.[2] He further alleged he had undergone the examinations only because the board had requested him to do so, and because he believed the board would not "seriously consider" his pension application if he refused the request.

Judgment was entered granting the petition and ordering issuance of a peremptory writ of mandate commanding the board to issue subpoenas for Doctors Peluso, Dueker and Jordan upon McLeod's paying them "such witness fees as are customarily and normally required by law to be paid to non-expert witnesses." The board has appealed from this judgment.

Preliminarily, we note the judgment requires respondent to pay witness fees to the doctors before he even subpoenas them, since subpoenas are not to issue until the doctors are paid. Secondly, we note respondent's petition asked the court to order appellant to issue subpoenas only for Doctors Peluso, Dueker and Mawardi; Dr. Jordan was not even mentioned in his prayer for relief. The trial court's order to issue a subpoena for him thus was beyond its authority.

Appellant first contends mandamus does not lie, and the judgment cannot stand, because it is an attempt to control the board's discretion to issue, or not to issue, subpoenas. Thus, section 63(2) of the Los Angeles City Charter provides: ". . . each board provided for in this charter, shall have the power and authority to . . . compel the attendance of witnesses . . . before

---

[1] At the board's request, Dr. Mawardi had examined McLeod prior to the original hearing. McLeod requested that Dr. Mawardi be subpoenaed because he did not know whether the board intended to consider Mawardi's report at the rehearing.

[2] The board's communication to respondent made no mention of "expert witness fees," stating only that respondent arrange to pay, or pay "each of them to attend any such hearing." Both sides, however, interpret this to mean that respondent was required to pay, or arrange to pay, "expert" witness fees. We will assume likewise.

them . . . by subpoena, to be issued in the name of said City. . . ."[3] Appellant argues that the issuance of subpoenas, as authorized by this provision, is not a mere ministerial act, the performance of which may be compelled by writ of mandate issued pursuant to Code of Civil Procedure section 1085;[4] rather, the issuance is left to appellant's discretion and therefore may be reviewed only under Code of Civil Procedure section 1094.5, establishing different standards. We disagree. The language of Code of Civil Procedure section 1094.5 shows it to be inapplicable; we therefore look to section 1085 and the decisions interpreting it.

It is true, as appellant argues, that mandamus will not lie to control discretion within an area lawfully entrusted to an administrative board. (*City & County of S.F.* v. *Superior Court* (1959) 53 Cal.2d 236, 244 [1 Cal.Rptr. 158, 347 P.2d 294]; *Jacobs* v. *Board of Supervisors* (1893) 100 Cal. 121, 128-129 [34 P. 630]; *Gong* v. *City of Fremont* (1967) 250 Cal.App.2d 568, 572 [58 Cal.Rptr. 664].) "It is settled law that when a statute imposes upon an administrative body discretion to act under certain circumstances mandate will not lie to compel the exercise of such discretion in a particular manner." (*Hunt* v. *Board of Chiropractic Examiners* (1948) 87 Cal.App.2d 98, 101 [196 P.2d 77]. And see: 3 Witkin, California Procedure (1954) p. 2527, Extraordinary Writs, § 45.) However, a writ of mandate will issue to correct a flagrant abuse of discretion or arbitrary disregard of the law by such board. (*Baldwin-Lima-Hamilton Corp.* v. *Superior Court* (1962) 208 Cal.App.2d 803, 823 [25 Cal.Rptr. 798]; *Broyles* v. *Carter* (1956) 142 Cal.App.2d 647, 650 [299 P.2d 299]; *Roussey* v. *City of Burlingame* (1950) 100 Cal.App.2d 321, 326 [223 P.2d 517]; *Leftridge* v. *City of Sacramento* (1943) 59 Cal.App.2d 516, 525-526 [139 P.2d 112]; *Naughton* v. *Retirement Board of S.F.* (1941) 43 Cal.App.2d 254, 257 [110 P.2d 714]; 3 Witkin, *supra,* pp. 2528-2529, §§ 46, 47.)

The superior court granted the writ, orally stating appellant's refusal to issue the subpoenas constituted, in the court's opinion, an abuse of discretion. We now turn to consider if the record supports the trial court.

We are cited no decision dealing with the point. The board's position seems to be that it, alone, may determine what evidence it will consider and,

---

[3]The board of pension commissioners is one of the boards provided for in the charter. (City Charter, §§ 70, 180 et seq.)

[4]Code of Civil Procedure section 1085: "[The writ of mandate] may be issued . . . to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station. . . ."

if it prefers not to consider the oral evidence of doctors, that is a choice within its discretion; thus, it cannot be required to issue subpoenas for witnesses it does not choose to hear. Support for this view is found in section 182 of the charter wherein it states: ". . . the Board of Pension Commissioners shall have the power to hear and determine all matters pertaining to the granting and termination of any pension award. . . . Said board shall make its findings in writing, based upon the report of at least three regularly licensed, practicing physicians, and such other evidence concerning such disability as it may have before it. . . ." Appellant further argues that a right to cross-examine exists only in an "adversary" proceeding, and that proceedings before it are nonadversary in nature.

■ When a civil action is pending in the courts, issuance of an ordinary subpoena is a matter of statutory right and neither a clerk nor court has discretion to refuse such issuance (Code Civ. Proc., § 1985; *Christ* v. *Superior Court* (1931) 211 Cal. 593, 601 [296 P. 612]), even though the subpoena may be subject to a motion to quash or suppress, after issuance. ■ Here, however, not a court but a city administrative agency is involved, empowered but not required to conduct hearings and to issue subpoenas for witnesses; rules governing the admissibility of evidence in courts need not be followed; hearsay evidence is admissible. Nevertheless, where the purpose of a hearing, as here, is to determine a person's legal rights, considerations of fairness dictate the adoption of safeguards. "Thus, when governmental agencies adjudicate or make binding determinations which directly affect the legal rights of individuals, it is imperative that those agencies use the procedures which have traditionally been associated with the judicial process." (*Hannah* v. *Larche* (1960) 363 U.S. 420, 442 [4 L.Ed.2d 1307, 1321, 80 S.Ct. 1502].)

Appellant ordered the rehearing of respondent's application for a disability pension and respondent complied with appellant's request that he undergo new medical examinations. Reports of the examining physicians will be considered at the rehearing. Whether the proceeding is "adversary" or not, fairness requires giving to respondent an opportunity to examine the doctors under oath. Without access to the subpoena power, respondent's right would be a nullity. ■ "The right to cross-examine witnesses in quasi-judicial administrative proceedings is considered as fundamental an element of due process as it is in court trials." Witkin, California Evidence (2d ed. 1966) page 40, section 40. And see: 3 Witkin, Summary of California Law (1960) pages 1919-1924, Constitutional Law, sections 116-120 and 1969 Supp. to Vols. 3 and 4, pages 995-999, Constitutional Law, sections 116-117. ■ This principle would seem applicable whether the doctors personally testify or give evidence only

through reports. We conclude that respondent was entitled, under the circumstances here present, to have appellant issue subpoenas for the doctors on request.

It is clear, however, that appellant made no unqualified refusal to issue subpoenas. It was quite willing to issue them, but only after respondent paid or arranged to pay expert fees to the doctors. The trial court modified this, as earlier noted, to require the payment of nonexpert fees.

■ Appellant contends the trial court's judgment is erroneous, as encroaching upon appellant's right to make its own rules. Thus, section 78 of the city charter states: "The board for each department . . . shall have the power . . . to make and enforce all necessary and desirable rules and regulations for the exercise of powers and the performance of the duties conferred upon each such board by this charter." Basing its position upon this provision, appellant argues that Government Code section 68092.5[5] authorizes appellant to require payment by respondent of expert fees in order to secure attendance of the doctors at the hearing.

■ A city, such as Los Angeles, which operates under a freeholders' charter is exempt from the operation of general laws with respect to all "municipal affairs" covered by the charter. (Cal. Const., art. XI, § 6.) ■ The matter of providing for the pensioning of policemen is strictly a municipal affair. (*Klench* v. *Board of Pension Fund Comrs.* (1926) 79 Cal. App. 171, 179 [249 P. 46].) ■ However, where the charter contains no special procedure concerning a municipal subject, the general laws govern.[6]

---

[5]Government Code section 68092.5: "A person who is not a party to the action and who is required to testify before any court or tribunal . . . solely as to any expert opinion which he holds upon the basis of his special knowledge, skill, experience, training or education, and who is qualified as an expert witness shall receive reasonable compensation for his entire time required to travel to and from the place where the court or other tribunal . . . is located and while he is required to remain at such place pursuant to subpoena. The court may fix the compensation for such appearance, in addition to such witness fees otherwise allowed by law, at such amount as seems reasonable to the court, upon motion by any party to the action or by the person required to testify and such fees shall be paid by the party requiring such witness to attend. . . . An express contract entered into between a person and the party requesting or requiring him to testify, relating to compensation, shall be enforceable and shall prevail over the provisions of this section."

This statute, enacted in 1968, abrogated the former California rule that an expert could be required to testify to opinions without any compensation other than that given an ordinary witness. Witkin, California Evidence (2d ed. 1969 Supp.) sections 760A, 760B, pages 167-168.

[6]Article XI, section 6, reads in part: "Cities . . . organized under charters . . . are . . . empowered . . . to make and enforce all laws and regulations in respect to municipal affairs . . . and in respect to other matters they shall be subject to and controlled by general laws."

(*Civic Center Assn.* v. *Railroad Com.* (1917) 175 Cal. 441, 445 [166 P. 351]; *City of Sacramento* v. *Adams* (1915) 171 Cal. 458, 463 [153 P. 908]; *Hyde* v. *Wilde* (1921) 51 Cal.App. 82, 89 [196 P. 118].) ▮ For the reason that the Los Angeles Charter contains no provision regarding fees for witnesses, expert or otherwise, who are subpoenaed by a city board, appellant argues that the provisions of Government Code section 68092.5 should govern the matter of fees to be paid expert witnesses for testifying pursuant to a subpoena issued by the board.

For appellant to pursue this argument requires that it concede that the Government Code section constitutes a "general law" applicable to its procedures by virtue of article XI, section 6 of the state Constitution. Government Code section 68092.5 deals with a person required to testify before any court "or tribunal," but it is contained in title 8, chapter 1, of the Government Code relating solely to "courts." Thus, whether the code section applies to hearings conducted in appellant's tribunal, may be debatable. However, assuming, as contended by appellant, that it does apply, it does not follow that the code section authorizes appellant to refuse to issue subpoenas until respondent pays in advance, or arranges to pay, such expert fees as the doctors may demand.

First of all, Government Code section 68092.5 relates to a witness called to testify ". . . solely as to any expert opinion which he holds. . . ." The witness under subpoena, although a doctor, might be asked to testify only to the history given him by the patient and to other factual matter which he learned and considered, and not to be questioned about his opinion. For that reason, if for no other, the Government Code by its own terms may be inapplicable.

Next, the statute empowers the court to ". . . fix the compensation for such appearance, in addition to such witness fees otherwise allowed by law . . . upon motion by any party to the action or by the person required to testify and such fees shall be paid by the party requiring such witness to attend. . . ." The statute appears not to permit a court to fix expert fees before the expert appears and testifies. This interpretation seems reasonable since, until the witness appears, the court will be unaware if he will be asked to express an opinion, and will not know the ". . . time required to travel to and from the place where the court or other tribunal . . . is located." Furthermore, the court cannot determine in advance how long the expert may be ". . . required to remain at such place pursuant to subpoena." The witness's appearance might take ten minutes or he may be on the stand for three days; no one could predict. Such elements of uncertainty make it desirable that the court fix expert witness fees only after the witness appears and only on motion of a party or at the request of the witness, himself.

Government Code section 68092.5 does not authorize a tribunal to require that a party pay expert witness fees to the doctors in advance of the hearing. It follows that section 68092.5 does not authorize appellant to require pre-payment of expert fees as a condition precedent to issuance of subpoenas for the doctors.

We now consider whether appellant was entitled to require that respondent pay nonexpert witness fees to the witnesses before issuing subpoenas. We note that here, too, the city charter is silent as to fees. Pursuing the same reasoning used in discussing the applicability of Government Code section 68092.5, we review other code sections relating to witnesses in a "court." Under Code of Civil Procedure section 1987 and Government Code sections 68093-68097, a witness, at the time he is subpoenaed, may demand the payment of statutory fees and mileage for one day in advance of his court appearance. The fee presently is set at $12 per day with an allowance of mileage at 20¢ per mile to be traveled one way. (Ch. 1061, Stats. 1970.) Obviously, a witness cannot demand fees and mileage until the subpoena has been issued and served upon him. Indeed, witness fees are required to be paid, under Government Code sections 68093 and 68096, only when a witness is "legally required to attend." (And see: *Del Mar Can. Co.* v. *Pacific G. & E. Co.* (1941) 44 Cal.App.2d 718, 719 [112 P.2d 953].) We find no reason, however, why appellant in issuing subpoenas could not provide that the witness served is entitled, on demand, to immediate payment of ordinary fees and travel expenses.

It is unnecessary to decide whether the sections of the Government Code previously discussed are directly applicable to witnesses called to appear before the appellant board. Appellant has indicated its intention to require that respondent compensate the doctors if subpoenas are issued. We hold it not unreasonable for appellant to condition the issuance of its subpoenas upon respondent's acceptance of the obligation to pay the witnesses, when served, such fees and mileage as the Government Code prescribes for witnesses in the superior court. Also, there is no reason of which we are made aware why the board could not require, at the time of a doctor's appearance, that respondent pay, on motion, expert witness fees, or arrange to pay them, then and there or release the doctor from any need to testify as to his expert opinion.

The judgment is ordered modified by striking therefrom: "and Frederick A. Jordan" and "upon the payment by petitioner to said doctors, and each of them, such witness fees as are customarily and normally required by law to be paid to non-expert witnesses." The court is instructed to substitute for the part stricken this sentence: "The subpoenas issued may contain language

requiring that the witnesses be paid fees and mileage, as provided for superior court witnesses in Government Code section 68093."

The judgment is otherwise affirmed.

Files, P. J., and Kingsley, J., concurred.

A petition for a rehearing was denied January 12, 1971, and respondent's petition for a hearing by the Supreme Court was denied February 24, 1971.