[Civ. No. 54113. Second Dist., Div. One. Apr. 20, 1979.]

STANLEY JAFFEE, Plaintiff and Appellant, v.
PSYCHOLOGY EXAMINING COMMITTEE OF THE BOARD OF
MEDICAL QUALITY ASSURANCE, Defendant and Respondent.

## COUNSEL

Scott J. Raymond, Roger Jon Diamond and Hecht, Diamond & Greenfield for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, Mark A. Levin and Calvin W. Torrance, Deputy Attorneys General, for Defendant and Respondent.

## OPINION

**THOMPSON, J.**—This is an appeal from a judgment denying a writ of administrative mandate (Code Civ. Proc., § 1094.5) to compel respondent to issue appellant a license to practice as a psychologist.

Appellant twice failed the licensing examination administered by respondent Psychology Examining Committee (Committee), the passage of which is required for licensure as a practicing psychologist by the Psychology Licensing Law (Bus. & Prof. Code, § 2900 et seq). Appellant sought and received an administrative hearing to review the Committee's determination that he did not qualify for the psychologist's license. In its decision following the hearing, the Committee denied appellant the license but permitted him to retake the examination. Appellant declined the opportunity and instead pursued his action in the trial court seeking a

writ of administrative mandate to compel issuance of the license.[1] The trial court denied the writ but ordered that respondent admit appellant to a future examination in accordance with respondent's earlier decision. Appellant noticed this appeal.

Appellant contends: (1) the trial court erred in denying appellant's request that the hearing officer's proposed decision, which was not adopted by the Committee, be made a part of the administrative record; (2) the Committee's method of grading the written portion of the examination was unreasonable and permitted the bias of the grader against appellant to determine his ultimate failure on that portion of the examination; (3) the failing scores received by appellant on the oral portion of the examinations were attributable to the bias of the examiners as evidenced by their extensive questioning of appellant concerning his relationship with a former supervisor who had returned to the Committee an evaluation that was critical of appellant's professional abilities and character; and (4) appellant was denied a fair hearing because the Committee was biased against him and was predisposed to deny him a license. Appellant asserts that evidence supporting the last contention is found in the following: (1) the Committee decided to not adopt the proposed decision rendered by the hearing officer before reading the hearing transcript; (2) the Committee failed to respond adequately to appellant's requests for information concerning the reasons that his examinations received failing grades; and (3) the Committee destroyed the tape recordings containing appellant's April 1973 oral examination after it had received the complaint in the administrative mandamus action. Finally, appellant contends that, based on his qualifications as reflected by his academic training and work experience, the proper remedy in this case is to compel the Committee to issue the license without requiring that he undergo further examination.

We consider appellant's final contention to be determinative in this case. The critical issue, as we view it, is whether the court may properly order the licensing agency to issue the license assuming that appellant's contention of abuse of discretion and bias are true. Concluding that the remedy of compelled licensure is not available on this record, we affirm the judgment.

---

[1] Appellant's complaint contained a second cause of action for damages which was severed and is not a part of this appeal.

*Facts*

Appellant applied for licensure as a psychologist in March of 1972. As part of the process of determining whether an applicant is qualified to be admitted to its licensing examination, the Committee sends evaluation forms to the persons listed by an applicant as being familiar with the applicant's work. Appellant listed Dr. R. W. Sperry, a professor at the California Institute of Technology, as a former supervisor of research that he had undertaken, and the Committee sent an evaluation form to Dr. Sperry. In his brief remarks, Dr. Sperry wrote that appellant had received a fellowship to work under him but that appellant "never did any work for his salary." Dr. Sperry stated that everything he had heard about appellant since had been negative and that the Committee should examine appellant's qualifications with extra care. Based on this response, one member of the Committee felt that appellant's application should be deferred. Another member of the Committee, upon further inquiry into appellant's qualifications, concluded that appellant was qualified to take the examination and that, except for Dr. Sperry, "*all* other supervisors & references are quite positive." That member also noted Dr. Sperry's negative response should prompt some questioning during the oral examination.

Appellant was admitted to and completed the required written and oral examination on October 28 and 29, 1972. On December 6, 1972, he was notified that he had failed both portions of the examination. Appellant was again examined on April 28 and 29, 1973. On June 13, 1973, he was notified that he had failed both portions of that examination.

Appellant, by letter on August 23, 1973, requested information from the Committee concerning the reasons for his past failures as he planned to take the examination again. The Committee responded on September 24, 1973, in a letter which discussed only the deficiencies noted by the examiners during the oral portion of the April 1973 examination. Appellant then requested and was granted an appearance before the Committee on December 1, 1973. Following that meeting, the Committee notified appellant that it had reviewed his answers to the written portion of the April examination and determined that appellant had failed to discuss numerous issues raised by the questions and had displayed a lack of understanding of legal and ethical problems raised.

On April 12, 1974, at the request of appellant, the Committee filed a statement of issues to initiate administrative review of the license denials.

(Bus & Prof. Code, §§ 2961 and 2965, which specify that the hearing be conducted in accordance with the Administrative Procedure Act, Gov. Code, § 11500 et seq.) The administrative hearing was held on October 14, 1975, before a hearing officer.

Susan Wogoman, the assistant executive secretary to the Committee, testified that the written portion of the examination was graded without reference to the identity of the examinee. The graders were limited to assigning a grade of 40, 60, or 80 percent to each answer. Each question was graded by two graders and the scores were then averaged to determine if the applicant had achieved the required passing grade of 75 percent. Appellant received grades of 56.66 percent on the written portion of the October 1972 examination and 63.33 percent on the April 1973 examination. Appellant received grades of fail on both of the oral examinations. To qualify for licensure, an applicant must pass both the written and the oral parts of the examination. Wogoman also testified that the examinations were retained for one year as required by Business and Professions Code sections 2944 and 2945. She ordered the tapes of the April 1973 examination destroyed after one year without realizing that appellant's complaint for writ of mandate involved his oral examination which was contained on that tape. Apparently appellant's answers to the written portion of the April 1973 examination were mistakenly retained by the Committee and were still in his files at the time of the administrative hearing.

Appellant offered the only other testimony received at the hearing. He began his testimony by listing his educational background and related experience. At that point, counsel for the Committee objected to the line of questioning and offered to stipulate to appellant's academic and experience qualifications for admittance to the examination and licensure stating that the denial was based soley on appellant's failure to pass the examination. Appellant stated that the evidence was offered to rebut comments by the oral examiners that appellant lacked the requisite qualitative experience and training for licensure and that he was dishonest in representing his experience and training. The hearing officer initially questioned the relevance of appellant's proffered testimony stating that he could neither reevaluate appellant's qualifications for licensure nor determine that the examiners displayed bias or prejudice in making their comments as appellant had failed to bring the examiners before the hearing officer. Ultimately, the hearing officer permitted the line of questioning over the Committee's objection, stating "Look, [appellant] came here to do something." In addition to appellant's

testimony outlining his educational record and experience in the field of psychology, the hearing officer admitted into evidence letters from past employers of appellant attesting to his competency, honesty and integrity. The remainder of appellant's testimony concerned his belief that the negative evaluation submitted by Dr. Sperry was the cause of the Committee's bias against him and was the reason that he was given failing grades on both examinations. Appellant testified that he was questioned extensively about his relationship with Dr. Sperry during both oral examinations and that he did not make further attempts to pass the examination because he believed that the Committee would never allow him to achieve a passing grade.

The hearing officer rendered a proposed decision on November 4, 1975. On December 22, the Committee decided not to adopt the proposed decision. On that date, the Committee notified appellant that he would be permitted to present written argument before the Committee made its decision based upon the administrative record.

In February 1976, appellant requested from the Committee and was denied a copy of the hearing officer's proposed decision.

On June 29, 1976, the Committee notified appellant that it would conduct a limited hearing on July 16 to take additional evidence concerning the Committee's examination and grading procedures. The limited hearing was actually convened on September 29. Appellant's counsel failed to appear, apparently because he went to the wrong address, and the Committee rescinded notice of the hearing and proceeded to render a decision based solely on the administrative record. The decision, dated March 9, 1977, included the following determination of issues: (1) appellant is qualified to be admitted to a future examination; (2) some bias had been shown in the manner in which appellant was questioned during the oral portion of the examinations and in the future different examiners are to give weight to the references that are favorable to appellant; and (3) the method of grading the written portion of the examination was unreasonable in that the only scores that could be assigned were 40, 60, or 80 percent to achieve an average passing score of 75 percent. The Committee denied appellant immediate licensure due to his failure to pass the examination but ordered that he be admitted to a future examination.

On July 6, 1977, appellant renewed his demand for a copy of the hearing officer's proposed decision during the trial court proceedings on

the writ of mandate. The trial judge denied the request on the ground that the proposed decision was unnecessary for review of the administrative decision. The parties agreed that the proper standard of review was substantial evidence. Applying this standard to the administrative record, the trial judge denied the writ. The trial court further ordered that appellant be admitted to a future examination in accordance with the Committee's decision of March 9, 1977.

## Contentions

The only remedy sought by appellant by way of writ of administrative mandate is an order compelling the Committee to issue him a license as a psychologist. Appellant argues that this remedy is proper because: (1) the examination at most provides the Committee with "some estimate of incompetency" in screening applicants, and appellant's academic qualifications and working experience show him to be at least minimally qualified to practice as a psychologist; and (2) the examination is not in all cases required because Business and Professions Code section 2946 gives the Committee the discretion to waive portions of the examination when it finds an applicant to be otherwise qualified. Thus, appellant asserts, in this case the court should exercise discretion to deem him qualified for a license and compel the Committee to issue the license without requiring appellant to submit to further examination.

We conclude that, assuming the merit of appellant's contentions of error, on the facts of this case the remedy sought by appellant is not available.

We assume for purposes of discussion the validity of appellant's contentions that the Committee was at least partially biased against appellant in grading the oral examinations. There was, however, no evidence that any bias present affected the result of the written portion of the examinations and at most that portion of the examination was uniformly unreasonable as to all applicants because of the Committee's grading policy. Further, we note that appellant's assertion that he is qualified for licensure is based upon his general qualifications as reflected by academic background and related experience, and not upon a showing that he in fact passed at least the written portion examinations.

Appellant seeks a license to practice in a field in which there is a strong public interest in regulation. The Psychology Licensing Law (Bus. & Prof. Code, § 2900 et seq.) includes a legislative finding that the "practice of

psychology in California affects the public health, safety, and welfare and is to be subject to regulation and control in the public interest to protect the public from the unauthorized and unqualified practice of psychology. . . ." (Bus. & Prof. Code, § 2900.)

The Committee, which is largely comprised of licensed practicing psychologists (Bus. & Prof. Code, §§ 2922, 2923), is vested with the authority to administer the Psychology Licensing Law (Bus. & Prof. Code, § 2928). It has broad rule-making authority (Bus. & Prof. Code, §§ 2930, 2936), and is authorized to exercise its discretion in formulating and administering licensing examinations to applicants (Bus. & Prof. Code, §§ 2931, 2942, 2944, 2947). An applicant for licensure is required to pass the examination (Bus. & Prof. Code, §§ 2941, 2942). Although exceptions permit waiver of the examination, these are limited to circumstances defined by the statute (Bus. & Prof. Code, § 2946) or the exercise of discretion by the Committee to waive portions of the examination where the applicant has otherwise demonstrated competence in the area covered (Bus. & Prof. Code, § 2946). The licensing procedure created by this statutory scheme clearly contemplates the exercise of broad discretion by an agency having expertise in the field of psychology.

Our Supreme Court has recognized that courts do not have the expertise required to assess the qualification of an applicant for licensure in such a field.  ■  "In cases involving applications for a license, the courts have largely deferred to the administrative expertise of the agency. [Citation.] Courts are relatively ill-equipped to determine whether an individual would be qualified, for example, to practice a particular profession or trade. [Citation.] In a case involving the agency's initial determination whether an individual qualifies to enter a profession or trade the courts uphold the agency decision unless it lacks substantial evidentiary support or infringes upon the applicant's statutory or constitutional rights." (*Bixby* v. *Pierno* (1971) 4 Cal.3d 130, 146, fns. omitted [93 Cal.Rptr. 234, 481 P.2d 242]; see *Housing Development Co.* v. *Hoschler* (1978) 85 Cal.App.3d 379, 386 [149 Cal.Rptr. 400].)

■  It has long been reiterated by courts in this state that while mandamus will not lie to control discretion vested in an agency the courts will intervene to correct an abuse of discretion, disregard of the law, capricious or arbitrary action, and bias by an agency. (E.g., *So. Cal. Jockey Club* v. *Cal. etc. Racing Bd.* (1950) 36 Cal.2d 167, 174 [223 P.2d 1]; *Almassy* v. *L.A. County Civil Service Com.* (1949) 34 Cal.2d 387, 396 [210 P.2d 503]; *McDonough* v. *Goodcell* (1939) 13 Cal.2d 741, 746-749 [91 P.2d

1035, 123 A.L.R. 1205]; *McLeod* v. *Board of Pension Commissioners* (1970) 14 Cal.App.3d 23, 27 [94 Cal.Rptr. 58]; see *Salot* v. *State Bar* (1935) 3 Cal.2d 615, 617 [45 P.2d 203]; *Staley* v. *State Bar* (1941) 17 Cal.2d 119, 121-122 [109 P.2d 667].) ██ Appellant has cited no authority and we have been unable to find any, however, which supports the proposition that upon a showing of bias or prejudice of a licensing agency a court may exercise the discretion vested in the agency to order licensure of an applicant who has otherwise not established that he has passed the licensing examination but instead seeks licensure upon a general assertion that his education and experience demonstrate his fitness to practice. Whatever other orders a court may fashion to correct such improper action by an agency, a court does not have the expertise to make the ultimate determination as to the qualifications of a particular applicant. "The issuance of a license to practice in a technical or professional field is essentially an executive and administrative function. [Courts] are not, and cannot be, experts in the technical fields. Our job is to see that statutory and constitutional requirements and prohibitions have not been violated. (*Creelman* v. *State Board of Registration for Arch.* (1968) 73 Wn.2d 298, 438 P.2d 215, 217.)

Similarly, Code of Civil Procedure section 1094.5, subdivision (f), specifies that a court reviewing an administrative decision under that section, "may order the reconsideration of the case in the light of the court's opinion and judgment and may order respondent to take such further action as is specially enjoined upon it by law *but the judgment shall not limit or control in any way the discretion legally vested in the respondent.*" (Italics added; see *Merrill* v. *Department of Motor Vehicles* (1969) 71 Cal.2d 907 [80 Cal.Rptr. 89, 458 P.2d 33].) In the instant case, appellant does not seek the aid of the court to correct the errors asserted but seeks to have the discretion of the agency displaced with that of the court.

██ The court is not a superexamining board (*Nemer* v. *Michigan State Bd. of Reg. for Architects* (1966) 5 Mich.App. 286 [146 N.W.2d 704]) and may neither grade appellant's answers to the examination questions (see *Mitchell* v. *McKevitt* (1932) 128 Cal.App. 458, 462 [17 P.2d 789]) nor assume that appellant is qualified for licensure based upon his general qualifications (*Staley* v. *State Bar, supra,* 17 Cal.2d 119, 121). ██ The errors asserted by appellant do not establish his qualification for licensure (*Salot* v. *State Bar, supra,* 3 Cal.2d 615, 617-618), and the presence of those errors alone does not entitle him to be licensed (*State* ex rel. *Lane* v.

*Dade County* (Fla.App. 1972) 258 So.2d 347; *Nemer* v. *Michigan State Bd. of Reg. for Architects, supra,* 146 N.W.2d 704).

Appellant must, therefore, pass the examination before he is entitled to receive a license as a psychologist. We note that the Committee recognized that the grading method used on the written portion of the examination was unreasonable and there has been no showing that it did not correct its prior practice.[2]  ██ ██ ██  The Committee's decision also required different oral examiners to examine appellant and in their determination give full weight to the evaluations and recommendations that, unlike Dr. Sperry's, were positive.[3]

Due to our conclusion that the remedy sought by appellant is not available, we do not reach his contention that the nonadopted proposed decision of the hearing officer must be made a part of the administrative record. Error, if any, in that regard is harmless.

*Disposition*

The judgment is affirmed.

Lillie, Acting P. J., and Hanson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 14, 1979. Bird, C. J., did not participate therein.

---

[2]During the proceedings in the trial court, it was revealed that the Committee no longer administers its own examination but requires applicants to take a national examination that is machine scored.

[3]Appellant's contention that he was denied a fair hearing because the Committee was biased against him was not timely raised below (Gov. Code, § 11512) and may not now be asserted. (*Kendall* v. *Bd. of Osteopathic Examiners* (1951) 105 Cal.App.2d 239, 248 [233 P.2d 107].)