ANNA BELL PATTERSON, Plaintiff and Respondent, v. WILLIAM G. SHARP, as County Clerk, etc., Defendant and Appellant.

Harold W. Kennedy, County Counsel, and Donald K. Byrne, Deputy County Counsel, for Defendant and Appellant.

Oliver, Good & Sloan and Ned Good for Plaintiff and Respondent.

ROTH, P. J.—In this petition for mandate, Anna Patterson, petitioner, seeks to compel the county clerk of Los Angeles to issue subpoenas to police officers of the City of Compton to appear as witnesses in her behalf in an action now pending in the Superior Court of Los Angeles County for personal injuries resulting from an automobile collision.

The county clerk did not issue the subpoenas because petitioner had not paid as a condition precedent a fee of $25 per subpoena as required by section 68097.2 of the Government Code. Said section provides:

"Any member of the California Highway Patrol, sheriff, deputy sheriff or city policeman who is obliged by a subpoena issued pursuant to Section 68097.1 to attend as a witness, shall receive the salary or other compensation to which he is normally entitled from the public entity by which he is employed during the time that he travels to and from the place where the court or other tribunal is located and while he is required to remain at such place pursuant to such subpoena. He shall also receive from the public entity by which he is employed the actual necessary and reasonable traveling expenses incurred by him in complying with such subpoena.

"The party at whose request such subpoena is issued shall reimburse the public entity the amount of twenty-five dollars ($25) per day for each day that such officer is required to remain in attendance pursuant to such subpoena. The amount of twenty-five dollars ($25) shall be deposited with the clerk of the court or with the tribunal prior to the issuance of a subpoena pursuant to this section. [. . . ; Amended by Stats. 1965, ch. 561, § 2.] "

Petitioner names as one of the defendants in her pending superior court action, the City of Compton. She avers a collision between her automobile and a police car driven and occupied by policemen employed by the city. The collision occurred when the police car driving at excessive speed, ran a red light in pursuit of persons who had violated the law. As a consequence of the collision petitioner suffered injuries. Petitioner avers further that on July 8, 1965, she directed subpoenas to investigating police officers and that said investigating police officers have personal knowledge of the facts concerning the accident and that their names appear in the report of their investigation ". . . conducted for and on behalf of the City of Compton, the named defendant . . . said investigation report being furnished to petitioner as a result of pretrial discovery procedures." Only one officer is named. In this respect petitioner avers that ". . . Officer Houston, a passenger in the police car involved in this accident, also has personal knowledge of facts relevant to this accident." Petitioner also avers that : ". . . the testimony of the police officers named in the subpoena is necessary for the proof of her case, . . ."

Since the petition shows on its face section 68097.2 was not complied with, a general demurrer was filed by appellant. The matter was submitted for judgment. The trial court held that sections 68097.2 and 68097.4-68097.5 were unconstitutional

and directed the issuance of subpoenas without regard to those sections.

Sections 68097-68097.8, both inclusive, added in 1963 to Government Code provide specifically for manner of subpoena and paying members of the California Highway Patrol, sheriffs, deputy sheriffs and city policemen as witnesses.

Appellant emphasizes the fact that law enforcement officers are required to appear and testify in civil actions, particularly accident cases, more than any other class of citizens and are entitled to special consideration. He summarizes his other arguments as follows:

"The legislation . . . was . . . designed to allow officers of the California Highway Patrol, sheriffs, deputy sheriffs and city policemen to appear and testify upon subpoena by private litigants but at the latter's expense. Without such legislation, such officers would . . . be required to take time off from work . . . and be tempted to make a private arrangement . . . [for] their compensation. . . . While theoretically a doctor may be subpenaed to . . . testify for the nominal witness fee of $4.00 plus mileage, it is . . . sheer naivete to think that most doctors *do* testify that way. Attorneys . . . are well aware that doctors expect and get in most cases, as expert witnesses, a substantial sum in excess of the statutory witness fee for testifying in court.

"To turn the clock back to the day when the peace officer had to rely on an unofficial 'fee' for testifying in private litigation is to ignore the evil which this legislation was designed to prevent: the temptation to color one's testimony to favor the party subpenaing the officer.[1]

"On this ground of public policy, if none other, appellant urges that the legislation in question be sustained. . . ."

The legislative plan embodied in sections 68097.1-68097.8, which places peace officers as witnesses in a special classification for compensation and which makes it a crime (§ 68097.7) for any of them to accept compensation in any

---

[1] "§ 68097.7. Any person who pays or offers to pay any money or other form of consideration for the services of any member of the California Highway Patrol, sheriff, deputy sheriff or city policeman as a witness in any action or proceeding in connection with a matter regarding an event or transaction which he has perceived or investigated in the course of his duties in any maner other than as provided in Sections 68097.1, 68097.2, 68097.3, 68097.4, 68097.5 and 68097.6 is guilty of a misdemeanor and any member of the California Highway Patrol, sheriff, deputy sheriff or city policeman who asks or receives any such payment except as provided in Sections 68097.2 and 68097.4 is likewise guilty of a misdemeanor. [Added by Stats. 1963, ch. 1485, § 11.]"

other way, may well be constitutional. However, we do not find it necessary to reach that question.

In our view, the legislation in question was not designed to reach a situation in which the governmental agency involved is itself the or one of the actual defendants in the case.

The facts at bench, admitted by demurrer, show that it is the police department of the City of Compton which caused the collision, or at least was inextricably involved in the collision. If the city is responsible, it is because of the actions of its employees, one of whom was actually in the car which collided with that of petitioner. The others under subpoena investigated the very accident in which the city was involved.

In our view, the legislation referred to was never intended to reach the type of situation at bench, and the usual statutory provisions in respect of witnesses are applicable. (Gov. Code, § 68097; Code Civ. Proc., §§ 1986, 1989.)

The judgment is affirmed insofar as it requires the issuance of subpoenas to the named officers. In all other respects it is reversed.

Herndon, J., and Fleming, J., concurred.