[No. C021394. Third Dist. Sept. 27, 1996.]

JAMES FOX, Plaintiff and Appellant, v.
STATE PERSONNEL BOARD,[1] Defendant;
JAMES GOMEZ, as Director etc., et al., Real Parties in Interest and
Respondents.

**[Opinion certified for partial publication.[2]]**

---

[1]The petition erroneously included the State Personnel Board's (Board) Executive Director as a defendant. When a plaintiff seeks only to set aside the adjudicatory decision of an agency, only its members acting as the tribunal have this power. Thus, any other defendant is subject to demurrer. (*State of California* v. *Superior Court* (1974) 12 Cal.3d 237, 255 [115 Cal.Rptr. 497, 524 P.2d 1281].) While neither the Board nor its officer appeared in the trial court or on appeal, we strike the Executive Director from the petition in the interests of accuracy and have amended the caption accordingly.

[2]Pursuant to California Rules of Court, rule 976(b)(3), this opinion is certified for publication with the exception of parts I.D, II. and III.

**COUNSEL**

Janusz Porembski for Plaintiff and Appellant.

No appearance for Defendant.

Littler, Mendelson, Fastiff, Tichy & Mathiason, Victor J. James II, Robert A. Zeman and Stephen Robert Holden for Real Parties in Interest and Respondents.

**OPINION**

**DAVIS, J.**—Dismissed by the Department of Corrections (Department) in March 1992 for offensive, unprofessional conduct, James Fox appealed to the Board, which upheld the adverse action. He then sought a writ of administrative mandamus in the trial court (Code Civ. Proc., § 1094.5), which denied his petition in April 1995. Undeterred by the trial court's findings that there was substantial evidence of his "egregious and reprehensible" conduct and that his testimony to the contrary was "deliberate[] lie[s]," Fox nonetheless seeks a third level of review. Claiming a denial of due process (while turning his back on the substantial body of evidence amassed against him), he claims the Board should not have required him to submit witness fees as a condition of enforcing his subpoenas, the Department "coerced" the subsequently released witnesses into declining to testify, and dismissal is an excessive penalty.

In the published portion of this decision, we determine the Department imposed an unwarranted restriction on Fox's procedural rights by improperly seeking witness fees for subpoenaed Department peace officers pursuant to

Government Code section 68097.2 (undesignated section references will be to this code) as a condition of honoring his subpoenas. In the unpublished portion of the decision, we find this violation of his right to a fair administrative hearing (Code Civ. Proc., § 1094.5, subd. (b)) was not prejudicial, and his remaining arguments are without merit. Consequently, we shall affirm.

The underlying facts are not pertinent to his procedural arguments, and he does not challenge the sufficiency of the evidence to sustain the Board's findings. We thus need not detail the charges against him, and will eschew a separate statement of facts.

## DISCUSSION

### I. *Subpoenas*

#### A

In preparation for the November 1992 appearance before the Board's hearing officer, Fox's representative subpoenaed 12 Department employees who had agreed to testify in his behalf. In a departure from its past practice, the Department informed Fox two days before the hearing that it would refuse to honor the subpoenas absent payment of $6,200 (rounded), citing section 68097.2. Fox responded he would seek "dismissal" of the adverse action against him if the Department failed to honor the subpoenas.

At the outset of the proceeding, the Department reduced its demand to payment of $3,140 in fees as a condition of honoring the subpoenas. It now categorized the subpoenaed witnesses either as peace officers to whom section 68097.2 applied (which requires prepayment of $150 per day), or ordinary employees to whom section 68093 applied (which sets witness fees in civil actions as $35 plus mileage).[3] Fox admitted he could afford the $35 fee, but the $150 fee was beyond his means.

The hearing officer entertained argument on the issue. After expressing a dim view of section 68097.2, the hearing officer nonetheless agreed the Department was "probably right" in its reliance on it. However, the hearing officer offered to allow Fox to present the testimony of the witnesses released from the subpoenas in declaration form; "[i]f upon the filing of those declarations the Department determines that they wish to cross[-]examine any or all of these folks, then we'll go to another day of hearing.

[3]The Department presumably arrived at its figure by assuming two days' presence for the ten peace officers and two civilians.

[¶] If upon reviewing the declarations that are filed the Department figures [it] do[es]n't want to cross[-]examine anybody, then, assuming we've taken all other evidence, we'll consider the hearing closed." Fox concurred in the suggested procedure. Although the Department objected to this procedure as an end run around the statute, it agreed to abide by the court's ruling. The hearing officer then denied Fox's motion to dismiss.

At the conclusion of the Department's case, Fox renewed his motion to dismiss and the hearing officer again denied it. Fox then called four witnesses other than himself.

At 5:15 p.m., the hearing officer noted for the record there were additional defense witnesses whom Fox could not call because of the fee dispute and the time. Fox stated he was willing to stay until midnight and appear again on the following day (Saturday) to complete the hearing. The hearing officer asked whether Fox would be able to produce the witnesses the next day. Fox was uncertain whether he could obtain their presence without a subpoena. The hearing officer responded, "That being the case, it is my understanding that you are going to submit to me the following declarations. The declarations of Lieutenant Garcia, Lieutenant Jordan, Sergeant Jepsen, Sergeant Mueller, Correctional Officer[s] Martin, Guzman, Plott, Dolan, and Supervising Cook-I Johnson . . . [a]nd I'm going to give you 30 days from today to do that." After discussing the Department's opportunity to submit objections or request cross-examination, the hearing officer continued, "Now, let's assume for the purposes of argument that after having received these declarations everybody feels that's sufficient, we need no more days of hearing. And we are then going to have argument. Argument is going to be in writing." After setting a briefing schedule, the hearing officer reiterated, "Assuming for purposes of argument that we don't need another day of hearing . . . I guess on a conditional basis we're going to adjourn the hearing. And if in fact we don't go to additional hearings in this matter and the declarations [are] all that we deal with, then I can close the evidentiary portion of the hearing on the 18th, right?" The parties concurred. The Department agreed to forward Fox's sealed requests for declarations to the witnesses because (as Fox conceded) it was precluded by an unspecified Government Code statute from disclosing the home addresses of its employees.

Following the hearing the Department forwarded to its employees declarations prepared by Fox. On December 11, the Department forwarded to the hearing officer the declarations it had received from Officers Garcia, Jordon, Mueller, Martin, Dolan, and Plott. Lieutenant Sylvia Garcia stated she had never observed Fox behave in an inappropriate manner or heard any complaints about his conduct. Lieutenant William Jordan stated he had directly

supervised Fox, believed him to be a professional and a credit to the Department, and had never observed inappropriate behavior. Sergeant Richard Mueller had supervised the same staff and inmates as Fox for five years. He never heard Fox behave inappropriately and never heard complaints about his behavior. He believed Fox was incapable of the behavior attributed to him. Officer Robert Martin worked in Fox's unit. He never observed Fox behaving inappropriately. He also claimed there was a running "joke" between him and Fox whether Martin was swallowing or spitting his chewing tobacco (an effort to provide an innocent context for remarks we will consider in connection with the penalty). Jeffrey Dolan worked in Fox's unit. He never observed Fox behaving inappropriately. Officer Leroy Plott also provided a declaration which the Department apparently misplaced. In his declaration in support of the petition, he stated he had worked in Fox's unit for a year, had never observed any misconduct, and had never heard anyone complain of misconduct by Fox.

The Department objected to the relevance and admissibility of each declaration, but did not request an opportunity to cross-examine the declarants. The hearing officer's decision neither expressly ruled on the objections nor referred to the declarations.

## B

■ As a preliminary matter, we first consider the Department's contention that Fox has waived the subpoena issue on appeal for failure to raise it in the trial court.[4] Fox at no point disputed the hearing officer's *interpretation* of section 68097.2, just its result; as the trial court expressly stated, "It's undisputed that the [D]epartment's position with regard to the witness fees was correct."

The failure to raise an issue in the trial court in a writ proceeding waives the issue on appeal. (*Noguchi* v. *Civil Service Com.* (1986) 187 Cal.App.3d 1521, 1540 [232 Cal.Rptr. 394]; *Franz* v. *Board of Medical Quality Assurance* (1982) 31 Cal.3d 124, 143 [181 Cal.Rptr. 732, 642 P.2d 792].) However, the doctrine of waiver does not apply if the issue, as here, is one of public interest or the due administration of justice, and involves a pure question of law on undisputed facts. (*Fisher* v. *City of Berkeley* (1984) 37 Cal.3d 644, 654, fn. 3 [209 Cal.Rptr. 682, 693 P.2d 261]; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 315(2), pp. 326-327.) The proper interpretation of a statute is one such example.

---

[4]Since Fox raised the subpoena issue in the Board proceedings, he did not waive judicial review entirely. (Cf. *Hooks* v. *State Personnel Bd.* (1980) 111 Cal.App.3d 572, 577 [168 Cal.Rptr. 822].)

In reviewing administrative adjudications, courts must determine whether the plaintiff received a fair hearing. (Code Civ. Proc., § 1094.5, subd. (b); Cal. Administrative Mandamus (Cont.Ed.Bar 1989) § 4.22, p. 110.) In a Board disciplinary hearing, the employee has the express statutory right to call and examine witnesses (§§ 19578, 11513, subd. (b)); this is also a due process element of a fair hearing (*McLeod* v. *Board of Pension Commissioners* (1970) 14 Cal.App.3d 23, 28 [94 Cal.Rptr. 58]; Cal. Administrative Mandamus, *op. cit. supra*, § 4.28, p. 116.) Whether other dismissed employees have received or will receive a fair hearing will thus turn on whether or not the Department (or any other agency adopting the Department's interpretation) has correctly interpreted section 68097.2. Consequently, this is a question of public interest and the due administration of justice extending beyond the present litigants. While the fair hearing issue is a "mixed question" in which we apply the law to express or implied factual findings supported by substantial evidence (*Rosenblit* v. *Superior Court* (1991) 231 Cal.App.3d 1434, 1442-1444 [282 Cal.Rptr. 819]), here the facts are undisputed, so the failure to raise the issue in the trial court did not result in an incomplete record. Thus, we shall reach this issue raised initially on appeal.

## C

In furtherance of the Board's general authority to hold hearings to enforce the provisions of the State Civil Service Act (§ 18500 et seq.), the Legislature has expressly granted to the Board the power to subpoena witnesses. (§§ 18570, 18670, 18671.) Witnesses appearing pursuant to subpoena at a Board hearing "are entitled to the same fees as are allowed witnesses in civil cases in courts of record." (§ 18674.) Although section 18674 generally allows a subpoena to issue without prepayment of witness fees, it expressly excludes "dismissal or other punitive proceedings" from this rule. On the other hand, in the article specifically governing the Board's disciplinary proceedings for civil service employees, the Legislature has provided for the Board to "issue subpoenas for witnesses for the employee upon his written request and at his cost. The board or its authorized representative may require such costs to be prepaid." (§ 19581.)

To serve a subpoena in an ordinary civil action, one must deliver it and *if demanded* pay the witness "the fees to which he or she is entitled for travel . . . and one day's attendance there." (Code Civ. Proc., § 1987, italics added.)[5] The ordinary witness fee, as earlier noted, is $35 (§ 68093). However, this statute expressly exempts sections 68097.1 to 68097.8 from its ambit. ■ Paralleling this statute, section 68097 also conditions the

---

[5]The Department thus had no authority to demand *one* day's fee in advance for the civilian witnesses, let alone two.

compelled attendance of witnesses "in civil cases" on prepayment of the one-day fee on demand, but exempts personnel governed by sections 68097.1 to 68097.8.

Section 68097.2 provides in pertinent part, "(a) Any peace officer, as that term is defined in [Penal Code section 830 et seq.] . . . *who is obliged by a subpoena issued pursuant to Section 68097.1 to attend as a witness*, shall receive the salary . . . to which he or she is normally entitled from the public entity by which he or she is employed . . . . [¶] (b) The party at whose request the subpoena is issued shall reimburse the public entity for the full cost to the public entity incurred in paying the . . . employee . . . his or her salary . . . for each day that the . . . employee . . . is required to remain in attendance pursuant to the subpoena. *The amount of . . . ($150), together with the subpoena, shall be tendered to the person accepting the subpoena for each day that the . . . employee . . . is required to remain in attendance pursuant to the subpoena.*" (Italics added.) The cross-referenced section 68097.1 provides in pertinent part, "(a) Whenever an employee of the Department of Justice who is a peace officer or an analyst in a technical field, member of the California Highway Patrol, member of the California State Police, peace officer member of the State Fire Marshal's Office, sheriff, deputy sheriff, marshal, deputy marshal, district attorney inspector, probation officer, building inspector, firefighter, or city police officer is required as a witness before any court or other tribunal in any civil action or proceeding in connection with a matter regarding an event or transaction which he or she has perceived or investigated in the course of his or her duties, a subpoena requiring his or her attendance may be served [as follows] . . . .

"(b) Whenever any other state employee is required as a witness before any court or other tribunal in any civil action or proceeding in connection with a matter, event, or transaction concerning which he or she has expertise gained in the course of his or her duties, a subpoena requiring his or her attendance may be served [as follows] . . . ."

If section 68097.2 is applicable, Fox would have been required to tender to the Department $300 for each of the 10 Department peace officers in order to enforce his subpoenas on the first of the 2 days of hearing. That the subpoenaed peace officers might not have demanded the fees is immaterial.

At the hearing, the Department's attorney focused on whether the subpoenaed Department prison guards were peace officers within the ambit of section 68097.2, noting they are categorized as such by Penal Code section 830.5. He apparently presumed they were among the job categories designated in section 68097.1, subdivision (a), because he admitted the subpoenaed Department employees who were not peace officers did not qualify as

expert witnesses for purposes of section 68097.1, subdivision (b). Fox's representative similarly ignored the job categories, focusing instead on whether the peace officers were testifying "regarding an event or transaction which he or she investigated in the course of his or her duties."

The Department's argument fails at the first level of analysis: peace officers employed by the Department of Corrections are *not* employees of the Department of Justice, the Department of the California Highway Patrol, or the State Fire Marshal's Office, nor are they sheriffs, deputy sheriffs, marshals, deputy marshals, district attorney inspectors, probation officers, building inspectors, firefighters, or city police officers. Since they are *not* among the categories of subpoenaed peace officers in section 68097.1, the provisions of section 68097.2 are inapplicable because they are conditioned on section 68097.1.

Moreover, even if the Department were able to shoehorn its employees within the categories of section 68097.1, this still does not entitle it to insist on the prepayment provided in section 68097.2 as a condition of honoring the subpoenas. Twenty-nine years ago, *Patterson* v. *Sharp* (1967) 253 Cal.App.2d 838 [61 Cal.Rptr. 517] examined the circumstances surrounding the enactment of section 68097 and held it "was not designed to reach a situation in which the governmental agency [that employs the subpoenaed witnesses] *is itself the or one of the actual defendants in the case.* [¶] . . . If the city is responsible, it is because of the actions of its employees, one of whom was actually in the car which collided with that of petitioner. The others under subpoena investigated the very accident in which the city was involved. [¶] In our view . . . the usual statutory provisions in respect of witnesses are applicable." (253 Cal.App.2d at p. 841, italics added; accord, 53 Ops. Atty. Gen. 322, 324 (1970) [interpreting *Patterson*].) More recently, *Nick* v. *Department of Motor Vehicles* (1993) 12 Cal.App.4th 1407 [16 Cal.Rptr.2d 305], reiterated that notwithstanding a general provision precluding state witnesses from receiving fees (*id.* at pp. 1412-1414), "when the CHP is not a *party* to the proceedings the party who subpoenas a CHP officer to testify . . . is required to pay the fees specified in section 68097.2" (*id.* at p. 1414, italics added).[6]

Although the Department entirely ignored *Patterson* in its brief, at oral argument it conceded *Patterson* is controlling. Since the Department was a

---

[6]There is a statement in *Nick* categorizing *Patterson*'s holding as applying to an "employing governmental entity [which] is a party to proceedings *based on the actions of its peace officer employees* . . . ." (12 Cal.App.4th at p. 1414 [italics added].) In the first place, this is dictum because the principle of *Patterson* was not at issue in *Nick*, where the California Highway Patrol was not in *any* respect a party to the driver's license revocation at issue. (*Id.* at p. 1411.) Moreover, this mischaracterizes (without directly quoting) the language we have quoted from *Patterson* in the text, which turned on the city's involvement as a party, not the theory of liability asserted against it.

party to the present procedings, section 68097.2 did not apply. The Department's unwarranted insistence on section 68097.2 fees as a condition of honoring Fox's subpoenas consequently resulted in an infringement of Fox's due process. The question remains whether it was prejudicial. As we next determine, it was not.

### D.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### II., III.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is affirmed.

Blease, Acting P. J., and Morrison, J., concurred.

---

*See footnote 2, *ante*, page 1034.