[No. C042125. Third Dist. Dec. 22, 2003.]

INDEPENDENT ROOFING CONTRACTORS OF CALIFORNIA UNILATERAL APPRENTICESHIP COMMITTEE, Plaintiff and Appellant,
v.
CALIFORNIA APPRENTICESHIP COUNCIL, Defendant and Respondent; 10 BAY AREA COUNTIES AND SOUTHERN CALIFORNIA ROOFERS AND WATERPROOFERS JOINT APPRENTICESHIP TRAINING COMMITTEE et al., Real Parties in Interest and Respondents.

1332

## COUNSEL

Thierman Law Firm and Mark R. Thierman for Plaintiff and Appellant.

Bill Lockyer, Attorney General, Randall P. Borcherding and Julian O. Standen for Defendant and Respondent.

Weinberg, Roger & Rosenfeld, Sandra Rae Benson and M. Suzanne Murphy for Real Party in Interest and Respondent 10 Bay Area Counties and Southern California Roofers and Waterproofers Joint Apprenticeship Training Committee.

Davis Cowell & Bowe, John J. Davis, Jr., and Michael T. Anderson for Real Party in Interest and Respondent Fresno Area Plumbers, Pipe and Refrigeration Fitters Joint Apprenticeship and Training Committee.

## OPINION

**DAVIS, J.**—The Division of Apprenticeship Standards (Division) authorized the Independent Roofing Contractors of California Unilateral Apprenticeship Committee (Independent Roofers) to expand the geographic area for its apprenticeship program. This commenced a "turf" battle. Upon the administrative protest of the 10 Bay Area Counties and Southern California Roofers and Waterproofers Joint Apprenticeship Training Committee (Union Roofers), the California Apprenticeship Council (Council) invalidated the Division's action for failure to give required notice to the Union Roofers. Independent Roofers petitioned for a writ of administrative mandamus to overturn the decision of the Council.[1] In a cogent 24-page decision, the trial court denied the writ.

In this appeal, Independent Roofers raises the same arguments that the trial court rejected, but does not present any refutation of the trial court's meticulously explained and correct reasoning. On independent review, we agree that time limits in regulations for filing program-related complaints do

---

[1] The trial court consolidated this petition under the case number of an earlier filed petition of another independent apprenticeship committee that is not a party to this appeal (the exceedingly long name of which we need not include as a result). The real party in interest in the earlier filed petition (the Fresno Area Plumbers, Pipe and Refrigeration Fitters Joint Apprenticeship and Training Committee [Union Plumbers]) purports to appear as a respondent in this appeal (though a more accurate depiction of its role is probably amicus curiae), as does the Council. (On our own motion, we strike the individual members of the Council from the petition and amend the case caption (cf. *Fox v. State Personnel Bd.* (1996) 49 Cal.App.4th 1034, fn. 1 [57 Cal.Rptr.2d 279]).) We will refer to Union Roofers as a collective shorthand for these three parties, unless context demands otherwise.

not apply to an appeal of a Division decision regarding a program; a geographic expansion of a program is subject to the notice and comment regulations for new programs; any failure of the Division to comply with these regulations cannot estop the Council from enforcing them; the Council is not required to post its tentative decision before the public meeting at which it considers it; the inclusion of officials on the Council who are members of a union advocacy group that filed administrative briefing does not of itself establish sufficient bias to disqualify these officials; Independent Roofers lacks standing to raise constitutional arguments on behalf of potential apprentices whom a geographic restriction on its program might affect; and the geographic restriction on its program does not violate its rights to travel, to equal protection, to provide a public education, or to engage in a chosen field of employment. (We also summarily reject several other arguments raised in cursory fashion.) We thus shall affirm.

## BACKGROUND

Independent Roofers does not challenge the trial court's factual findings. We thus draw our account from the relevant facts in the court's ruling.

■ "In California . . . apprenticeship training is administered by the Division, which is under the auspices of the Department of Industrial Relations . . . ." (*Southern Cal. Ch. of Associated Builders etc. Com. v. California Apprenticeship Council* (1992) 4 Cal.4th 422, 433 [14 Cal.Rptr.2d 491, 841 P.2d 1011].) The Council is another entity within the Division, authorized to promulgate regulations establishing the elements of apprenticeship programs (called "standards") and hear appeals from Division decisions involving complaints concerning violations of apprenticeship program standards. (*Ibid.*; Lab. Code, §§ 56, 3070, 3071, 3081–3082.)

■ The Division is vested with the initial power to review proposed apprenticeship program standards for compliance with statutory and regulatory requirements. (Lab. Code, §§ 3073, 3090; Cal. Code Regs., tit. 8, § 212.)[2] The Division must then "serve a copy of the proposed standards . . . on the sponsor of each existing program in the . . . labor market area of the program . . . . Each such existing program may submit comments on the proposed program within thirty days after receipt of the completed standards." (§ 212.2, subd. (g).)[3] The Division must issue its decision on the proposed standards within 90 days after receiving them, and must serve it "on the sponsor and on each party which submitted comments on the proposed program." (§ 212.2, subd. (i).) The decision of the Division is final unless an

---

[2] Undesignated section references are to title 8 of the California Code of Regulations.

[3] We cite to the present version of section 212.2, as amended in 2002.

"appeal is filed [with the Council] within 30 days following service of the decision[.]" (§ 212.2, subd. (k).)

Independent Roofers had been operating an apprenticeship program approved in 1991 for an area covering 15 counties in Northern California. It submitted proposals to the Division in 1998 to expand the boundaries of its program to nine additional counties. The Division approved the boundary expansions in August and December 1998 without giving notice to Union Roofers (which operated programs in these counties) because it believed this was a mere "revision" and section 212.2 applied only to new programs.

As the trial court noted, Union Roofers is "philosophically and in other respects antagonistic to unilateral programs" such as those of the Independent Roofers. After learning of the expansion of the Independent Roofers program, Union Roofers contacted the Division in February 1999 to question the approval. The Division informally forwarded the pertinent documentation of the geographic expansion to Union Roofers in May 1999. Union Roofers filed a complaint with the Division that the expanded boundaries of Independent Roofers was a violation of the program's standards, and also filed an appeal of the Division's approval. In July 2000, the Division dismissed the complaint as untimely and deferred to the Council on the timeliness of the appeal.

In July 2001, a three-member Council panel (§ 212.2, subd. (*l*)) issued its tentative decision that the expansion of a program's geographic area was subject to the notice requirements in section 212.2. The panel concluded the appeal was thus timely because the Division had never given notice of its decision. On the merits, the approval was invalid for failure to notify Union Roofers of the proposal. The Council could not determine from the record if any apprentices were currently enrolled in the expanded area; if so, they would be allowed to continue if the program was otherwise operating lawfully. The Council adopted the decision of its panel at its July 2001 meeting.

Independent Roofers instituted the present writ proceedings in August 2001. Union Plumbers filed a cross-petition seeking to overturn the Council's decision to allow apprentices to continue in the invalidated program in the jurisdiction of Union Plumbers. The trial court issued its decision in September 2002, reserving its ruling on the cross-petition (a severable matter that no one argues has any effect on the appealable nature of the judgment. (See *Stonewall Ins. Co. v. City of Palos Verdes Estates* (1996) 46 Cal.App.4th 1810, 1830 [54 Cal.Rptr.2d 176]).)

## DISCUSSION

### I

Citing the 30-day limit for *complaints* about violations of standards for apprenticeship programs in section 201, Independent Roofers contends the July 1999 *appeal* of Union Roofers was barred as untimely. This apple-orange admixture ignores the Division's ruling that the *complaint* of Union Roofers against Independent Roofers was indeed untimely (a ruling that Union Roofers does not challenge), but the timeliness of the *appeal* under section 212.2 of the Division's decision was a separate issue for the Council. It further ignores the basis for the Council's ruling that the appeal was timely for failure to give the notice required under section 212.2 to Union Roofers of the proposal or the decision approving the proposal. Finally, it ignores the reasoning of the trial court in upholding the Council's analysis.

Independent Roofers has not even attempted to fulfill its duty to demonstrate error in the reasoning of the trial court's ruling. (*Estate of Volen* (1953) 121 Cal.App.2d 161, 166 [262 P.2d 658].) ▮ We concur that the appeal was timely because "the [Division] did not comply with the provisions of [section] 212.2, [and therefore] the time for an appeal pursuant to the regulation had not begun to run."

### II

Independent Roofers contends that section 212.2 does not apply to changes in the geographic boundaries of apprenticeship programs. Independent Roofers alternatively contends that the Council is estopped from interpreting section 212.2 in this manner, based on instructions in Division forms, the failure of the Division to proceed under section 212.2 in 1992 in approving the addition of one county to the Independent Roofers program, and advice to this effect from Division employees. Again, both contentions fail to articulate the manner in which the trial court's extended discussion of these arguments is erroneous.

### A

Regarding section 212.2's applicability, Independent Roofers posits a distinction between proposing a "revision" to a program and proposing a "new" program, arguing that the notice, comment, and appeal process applies only to the latter. However, as the trial court noted, the labor market area of a program must be defined in its standards (§ 212, subd. (a)(2)), and "[section 212.2, subdivision (g)] itself makes no distinction between 'new' or 'revised' programs, speaking only in general terms of the '[receipt of the] proposed

standards of a program.' The [proposed geographic expansion of the program], whether technically 'new' or 'revised,' [was] in either case [a] 'proposed standard[] of a program.' " The trial court also concluded that interpreting section 212.2 to exclude geographic expansions would be unreasonable. It "would frustrate the purposes of the regulation[] . . . [:] promoting careful consideration of proposed programs . . . and insuring that such programs comply with all the requirements of state and federal law. These purposes are furthered by giving existing programs a right to notice, comment[,] and appeal when a program is proposed to begin operations in their area . . . . [Independent Roofers'] interpretation . . . would frustrate these purposes by effectively repealing the notice/comment/appeal procedure when an existing program seeks to expand into a new area."

The trial court noted that the Council has reinforced this interpretation with the 2002 amendment to the regulation (pending at the time of the trial court's ruling) adding the following: "A revision to change the program's occupation or to change the program's geographic area of operation to include a different labor market area is subject to the same application and approval process set out in (a)–(j) of this section for approval of a program, including providing notice of the proposed revision and an opportunity for comment to existing programs in the same apprenticeable occupation in the labor market area." (§ 212.2, subd. (a).) In the Council's final statement of reasons for promulgating the amendment (Gov. Code, § 11346.9), it noted there had been "uncertainty about the circumstances in which a program's standards may be revised to change the geographical recruitment area. Proposed Regulation 212.2 provides that [such] revision . . . is subject to the same procedural requirements as an application for approval of a new program," and "clarifies that a notice application for approval . . . must be served on all existing programs in the same area." The trial court properly found that this was a clarification of the ambiguity that had resulted in the present litigation and not a substantive change. (Cf. *Western Security Bank v. Superior Court* (1997) 15 Cal.4th 232, 243 [62 Cal.Rptr.2d 243, 933 P.2d 507] [amendment enacted in response to dispute over interpretation of statute to clarify meaning is declaration of original meaning and not a change].)

**B**

The trial court found the claim of estoppel was factually and legally ill-founded. Independent Roofers does not discuss all the evidence on which the trial court relied in rejecting the argument. This waives our plenary consideration of the factual component of this issue. (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881 [92 Cal.Rptr. 162, 479 P.2d 362].) It is thus sufficient for us to note that the trial court identified evidence of (at best) an inconsistent policy on the part of the Division, communicated to

Independent Roofers and others, with respect to whether a geographic change was subject to the provisions of section 212.2, and the Division had in fact given notice and considered objections in connection with the 1992 geographic expansion of the Independent Roofers program even though not formally proceeding under section 212.2. Furthermore, Independent Roofers does not challenge the trial court's finding that "There is no evidence in this case that [the Council] ever indicated to [Independent Roofers] or anyone else that it would not enforce the regulation" regarding appeals of a Division ruling on standards. This evidence supports the trial court's conclusion that "the evidence is not, in the Court's view, sufficient to estop [the Council] from enforcing the procedural requirements of the regulation" for notice to an affected party and the opportunity to appeal.

██ Moreover, regardless of lack of a factual basis for its argument, Independent Roofers does not provide any authority for the proposition that the conduct of a subordinate body may estop the body empowered to review its actions from exercising that power, or that it would be reasonable to rely on promises to that effect. This would result in the absurdity of insulating a rogue entity from review. As we previously noted, if "insurgency could effectively hamstring the superior governmental agency in an intergovernmental relationship[,] the parochial temptation to defy the law would be measurably increased. There is no authority for such anarchy." (*California Tahoe Regional Planning Agency v. Day & Night Electric, Inc.* (1985) 163 Cal.App.3d 898, 905 [210 Cal.Rptr. 48] [rejecting a claim of privity between government entities working at cross-purposes].) We thus agree with the trial court that estoppel has no application under these circumstances because it "would, in fact, be to destroy the power of review established by law, a result obviously against public policy."

## III

Having failed to identify any error in the Council's decision on the merits, Independent Roofers alternatively suggests various problems in the process. Independent Roofers claims the Council violated its right to due process by failing to abide by the "regulations for appeals . . . as well as . . . the public meeting laws, and . . . assuming facts not in [the] record." Independent Roofers also challenges various members of the Council for bias. None of these contentions has merit.[4]

---

[4] The collective briefing for Union Roofers discerns other due process claims. However, these are waived for want of adequate argument under this heading in the opening brief for Independent Roofers. (*Craddock v. Kmart Corp.* (2001) 89 Cal.App.4th 1300, 1307 [107 Cal.Rptr.2d 881] (*Craddock*); *Opdyk v. California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1830, fn. 4 [41 Cal.Rptr.2d 263].)

## A

In connection with its conclusory assertions of a failure to follow regulations, Independent Roofers invokes the procedures for appeals from the denial of a *complaint* in section 203. The relevant procedures for an *appeal* are contained in section 212.2. We thus disregard the citation to section 203.

The first "argument" appearing in this section of its brief asserts (in its entirety) that "[the Council] violated the public meeting laws and basic due process by substituting a 'private party representative' for a public member of the [Council] for the vote," followed by a citation to the entirety of the Bagley-Keene Open Meeting Act (Gov. Code, § 11120 et seq.). This indecipherable contention does not merit a judicial response. (*Craddock, supra*, 89 Cal.App.4th at p. 1307.)

Independent Roofers next asserts that the Council violated the requirements for public meetings when it failed to post a copy of the tentative decision of its appeal panel until after the beginning of the meeting at which the Council adopted it. In character with its approach to this appeal, Independent Roofers ignores the trial court's ruling on this issue: "There is no allegation that the notice of [the Council's] meeting was not accompanied by a proper agenda with a brief description of the item involving the tentative decision. Government Code section 11125.1[, subdivision] (b) states that writings that are public records and that are distributed to members of the state body prior to or during a meeting, pertaining to any item to be considered during the meeting, shall be made available for public inspection *at* the meeting. This provision appears to have been complied with. [Independent Roofers] has not identified any other authority that would have required [the Council] to serve it with a copy of the tentative decision prior to the meeting." (Emphasis added.) Independent Roofers *still* does not identify authority requiring the Council to have provided it with a copy of the tentative decision before the meeting. We thus reject the argument.

In boldfaced italics, Independent Roofers next contends that an unspecified member of the appeals panel was an official of an unspecified real party in interest. To the extent this sentence is intended to be a discrete claim of bias, the argument is waived for want of adequate briefing. (*Craddock, supra*, 89 Cal.App.4th at p. 1307.)

Its other claim of bias states (in its entirety) that four unspecified Council members present at the meeting were also "members of the California Apprenticeship Coordinators Association ('CACA'), a group of union apprenticeship programs [that] had intervened as amicus curiae in support of [Union Plumbers] . . . in the proceedings . . . at the administrative level[,] and should

not have voted due to the obvious conflict of interest." Not only is this "argument" waived for want of adequate briefing (*Craddock, supra*, 89 Cal.App.4th at p. 1307), it ignores the "rule of necessity"[5] (and thus fails to address whether there would have been a quorum without the unspecified CACA members), and it ignores the legal principles that (1) bias in an administrative adjudicator must be established with concrete facts rather than inferred from mere appearances (*Andrews v. Agricultural Labor Relations Bd.* (1981) 28 Cal.3d 781, 789–794 [171 Cal.Rptr. 590, 623 P.2d 151] [employment with firm representing migrant workers does not disqualify lawyer as hearing officer]), and (2) even public advocacy on an issue does not disqualify a member from voting on the issue in a quasi-judicial administrative proceeding (*City of Fairfield v. Superior Court* (1975) 14 Cal.3d 768, 779–782 [122 Cal.Rptr. 543, 537 P.2d 375] [councilors' public opposition to project irrelevant to vote on use permit]).

■ This leaves the claim of Independent Roofers that the Council violated its due process when it failed to review the entire record. The entire argument rests on a statement in the Council decision that the Division did not make a finding on whether Independent Roofers had begun to recruit apprentices outside its original program boundaries, and that the Council would assume that this was true. This "argument" disregards the explicit recital at the beginning of the decision that it was based on the documentary evidence, briefs, and questions of law, and does not respond to the trial court's curt rejection of its merits in a footnote: "Even if this language can be characterized as a 'finding,' it was not necessary to the decision and was not the basis of the decision. . . . [The Council] found that the [Division] had not complied with Regulation 212.2 in approving the expansion of [Independent Roofers'] program. Approval was overturned for failure to comply with the regulation, and not on the basis of any recruitment that may have taken place outside [Independent Roofers'] original operating area. The Court views the language as mere surplusage that provides no ground for invalidating the decision." We agree with the trial court.

## IV

Next, Independent Roofers lists a number of rights *of apprentices* that geographic restrictions on its apprenticeship program violate: the right to travel, equal protection under the law, the right to an education, and the right to engage in employment. None of these claims is colorable.

---

[5] E.g., *People v. Superior Court (Mudge)* (1997) 54 Cal.App.4th 407, 410 [62 Cal.Rptr.2d 721] (most justices are members of amicus curiae California Judges Association, which thus cannot be basis for disqualification); Government Code section 11512, subdivision (c) (under general provisions for administrative hearings, agency members shall not be disqualified if it would defeat a quorum).

 Independent Roofers overlooks the fundamental problem: its standing to raise these issues. "[A] plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." (*Warth v. Seldin* (1975) 422 U.S. 490, 499 [45 L.Ed.2d 343, 95 S.Ct. 2197].) An association may have standing on behalf of its members (independent of any harm to itself) only if their rights are threatened as a result of a challenged action. (*Id.* at p. 511.) The class of people whom the geographic restriction affects are *prospective* apprentices, not apprentices already enrolled in the Independent Roofers program (because the Council allowed any apprentice enrolled in the expanded territory to complete the Independent Roofers program). These people thus do not in any sense belong to Independent Roofers.[6] The various constitutional claims as a result must be assessed solely for their effect on Independent Roofers.

The claim of a violation of the right to travel does not merit extended discussion. It is an inchoate right, derived at various times from different constitutional provisions (including the privileges and immunities clauses of the state and federal charters), and ultimately considered simply an inherent component of a free society. (*Attorney General of N.Y. v. Soto-Lopez* (1986) 476 U.S. 898, 901–903 [90 L.Ed.2d 899, 106 S.Ct. 2317]; *Tobe v. City of Santa Ana* (1995) 9 Cal.4th 1069, 1096–1097, 1100 [40 Cal.Rptr.2d 402, 892 P.2d 1145].) At least in its earliest derivation (the privileges and immunities clause), the United States Supreme Court unequivocally declared that it did not extend to a corporation, which consequently was not entitled to engage in unlicensed out-of-state business. (*Paul v. Virginia* (1869) 75 U.S. (8 Wall.) 168 [19 L.Ed. 357]; see *Western & S.L.I. Co. v. Bd. of Equalization* (1981) 451 U.S. 648, 656 [68 L.Ed.2d 514, 101 S.Ct. 2070].) Independent Roofers does not provide any cogent analysis for interpreting our state charter any differently.

In any event, "right to travel analysis refers to little more than a particular application of equal protection analysis." (*Zobel v. Williams* (1982) 457 U.S. 55, 60, fn. 6 [72 L.Ed.2d 672, 102 S.Ct. 2309].) Restricting the geographic reach of the operations of Independent Roofers absent Division and Council approval has an impact on the economic interests of Independent Roofers. Thus, we uphold this limitation if there is a rational basis for it. (*Warden v. State Bar* (1999) 21 Cal.4th 628, 641–643 [88 Cal.Rptr.2d 283, 982 P.2d 154] [right to engage in an occupation is not fundamental and thus does not warrant stricter scrutiny].) The Legislature has declared that apprenticeship

---

[6] Even if we entertained this derivative claim, the trial court properly ruled that geographic limitations did not prevent prospective apprentices from traveling to a county in which Independent Roofers offered its program (or from enrolling in a Union Roofers program in the county where they resided), and thus none of the posited constitutional violations exist as to them.

programs "are a vital part of the educational system in California." It thus desired "to strengthen the regulation of apprenticeship programs . . . to ensure that all [of them] . . . meet the high standards necessary to prepare apprentices for the workplaces of the future and to prevent the exploitation of apprentices by employers or apprenticeship programs." (Stats. 1999, ch. 903, § 1.) This is a rational basis for requiring approval of a program before it may commence operations in a new geographic area.

While there is a constitutional right to a public education in California that must be furnished to all students on a free and equal basis (*Butt v. State of California* (1992) 4 Cal.4th 668, 680–681 [15 Cal.Rptr.2d 480, 842 P.2d 1240]), Independent Roofers does not provide any apposite authority for applying this to postsecondary education. More importantly, it does not articulate how Independent Roofers can itself be deprived of this constitutional right or be liable for depriving others of it. We thus reject the claim.

To the extent that due process entitles *individuals* to engage in a chosen field of employment, it is nonetheless subject to reasonable regulation short of complete prohibition. (*Conn v. Gabbert* (1999) 526 U.S. 286, 291–292 [143 L.Ed.2d 399, 119 S.Ct. 1292].) Not only does Independent Roofers utterly fail to provide apposite authority for extending this right to a business entity, this claim fails because there is no complete prohibition on its ability to offer an independent apprenticeship program. " '[T]he due process clause is no longer to be so broadly construed that the Congress and state legislatures are put in a strait jacket when they attempt to suppress business and industrial conditions which they regard as offensive to the public welfare.' " (*North Dakota Pharmacy Bd. v. Snyder's Stores* (1973) 414 U.S. 156, 165 [38 L.Ed.2d 379, 94 S.Ct. 407].) As a result, states may impose geographic restrictions on the operation of a business without violating due process. (*Williamson v. Lee Optical of Okla.* (1955) 348 U.S. 483, 490–491 [99 L.Ed. 563, 75 S.Ct. 461]; see *New Motor Vehicle Bd. v. Orrin W. Fox Co.* (1978) 439 U.S. 96, 107 [58 L.Ed.2d 361, 99 S.Ct. 403].)

## DISPOSITION

The judgment is affirmed.

Scotland, P. J., and Nicholson, J., concurred.

On January 21, 2004, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied April 14, 2004.