Filed 4/26/21  Thompson v. Miller CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| ALLEN THOMPSON, JR., | C082846 |
| Plaintiff and Appellant, | (Super. Ct. No. 34201200128943CUPNGDS) |
| v. | |
| JOHN C. MILLER, JR., | |
| Defendant and Respondent. | |

After his arbitration case was dismissed with prejudice, plaintiff Allen Thompson, Jr. petitioned the superior court, under Code of Civil Procedure section 1288,[1] to vacate the arbitrator's ruling.  The superior court concluded it lacked jurisdiction to consider the petition because Thompson's petition was filed well outside the 100-day period to timely

---

[1] Undesignated statutory references are to the Code of Civil Procedure in effect at the time of the action.

1

petition under section 1288. Thompson now appeals, asking this court to vacate the arbitrator's ruling.

We affirm.

## BACKGROUND

### The Tentative Ruling

Prior to the superior court's ruling, which defendant appeals from, the trial court posted a tentative ruling. The tentative ruling recounted that on June 4, 2015, the arbitrator signed an order granting defendant John C. Miller, Jr.'s, motion for terminating sanctions and dismissing Thompson's complaint, based on Thompson's failure to provide discovery responses. Thompson was served with a copy of the order on June 9, 2015, and eight months later, on February 18, 2016, he petitioned the superior court, under section 1288, to vacate the arbitration award.[2]

The tentative ruling concluded that the superior court lacked jurisdiction to grant the petition because it was filed and served far outside the 100-day window to petition under section 1288. And in any event, Thompson's petition failed to establish, with competent evidence, valid grounds to vacate or correct the award.[3]

### The Hearing

At the hearing on Thompson's petition, Thompson explained he had suffered a stroke at the time he was supposed to appear for a telephone hearing with the arbitrator. The arbitrator dismissed the case with prejudice and refused to reinstate the case when Thomson showed doctors' notes.

---

[2] The tentative ruling also stated that Thompson had filed a motion for reconsideration with the superior court, on June 16, 2015, which the superior court denied. Thompson then filed a request for reconsideration with the arbitrator, which was apparently denied on December 8, 2015.

[3] Neither the arbitrator's order, nor Thompson's subsequent petition to vacate are part of the record on appeal.

2

The court asked Thompson if he could produce documentation showing he had advised the arbitrator or defendant Miller, within 100 days of the arbitration hearing, of the illness that prevented him from attending. Thompson said he had "the information" that he had given the arbitrator and that he had sent a copy to Miller.

The court noted that Thompson had not submitted anything to the superior court to show he had advised the arbitrator or Miller that he was medically incapacitated and could not appear at the hearing. Thompson replied: "I couldn't do that, . . . not right afterwards because I had a stroke and I was in the hospital. And it took time. . . that's not something that you can do right away."

The court asked how long he was hospitalized. Defendant responded, "close to a month," adding that after that, he was on home bed rest, followed by therapy and rehabilitation.

The court asked if he had had a telephone to call the arbitrator when he was in the hospital. Thomson responded: "I had a telephone, but . . . when you have a stroke, it's a brain injury. . . . I was on medication. I wasn't thinking about anything other than what I was dealing with, which was the injury, and I had a stroke."

The court affirmed the tentative ruling, dismissing the petition for lack of jurisdiction.

## DISCUSSION

On appeal, Thompson asks this court to vacate the arbitrator's ruling. He argues his failure to participate in arbitration was due to "a near-fatal major, debilitating stroke." He attaches, as exhibits, several doctors' notes and argues they "irrefutably support the effects of the stroke," which contribute to his late filing and missed telephone hearing.[4]

---

[4] California Rules of Court, rule 8.204(d), permits a party to attach to a brief "copies of exhibits or other materials in the appellate record." But here, Thompson has attached copies of exhibits that are not part of the appellate record. We therefore decline to consider them. (See *Duggan v. Moss* (1979) 98 Cal.App.3d 735, 739 [disregarding

3

On the record before us, however, Thompson has failed to comply with section 1288's requirement that a petition to vacate or correct an award be served and filed no later than 100 days after the date of the service of a signed copy of the award on the petitioner. (See § 1288.) Thompson's petition was filed 255 days after he was served a copy of the arbitrator's ruling.

Because of that delay, the trial court lost jurisdiction and thus both the trial court and this court must treat the arbitration result as final. (See *Eternity Investments, Inc. v. Brown* (2007) 151 Cal.App.4th 739, 745 [failure to serve and file a petition to vacate within the 100-day period, from the date of service, requires that the award be treated as final]; *Santa Monica College Faculty Association v. Santa Monica Community College District* (2015) 243 Cal.App.4th 538, 545 (*Santa Monica College*) [failure to timely file the § 1288 petition deprived the trial court of jurisdiction to vacate award].)

Thompson, however, cites section 473, and argues because of his stroke the court may relieve his mistake, inadvertence, surprise, or excusable neglect. Thompson is mistaken. Section 473 cannot excuse a failure to comply with section 1288's timely filing requirement. (*Santa Monica College, supra*, 243 Cal.App.4th at p. 545 [explaining, " 'section 473 cannot be relied upon to excuse a party's failure to comply with a jurisdictional statute of limitations,' " where party served its petition to vacate 108 days after arbitration award was served]; *Abers v. Rohrs* (2013) 217 Cal.App.4th 1199, 1211 [§ 473 cannot excuse a failure to comply with the 100-day period to petition to vacate].)

Thompson, finally, contends the arbitrator's ruling violated the Americans with Disabilities Act (ADA) because he was not given reasonable accommodations and

---

affidavits included in opening brief that were not part of the appellate record]; *People v. Hickok* (1964) 230 Cal.App.2d 57, 60 ["Appellant's affidavit, attached to his opening brief, forms no part of the record on appeal, and may not be considered by us in our disposition of the issue raised here"]; *Ivens v. Simon* (1963) 212 Cal.App.2d 177, 182-183 [disregarding attached exhibits not part of the appellate record].)

consideration.  Thompson, however, fails to elaborate by argument or citation on how the ADA might render the trial court's ruling error, or more pointedly, how it might excuse his untimely filing.  We therefore need not examine this perfunctory claim.  (See *People v. Oates* (2004) 32 Cal.4th 1048, 1068, fn. 10 [declining to address issue not expanded upon with argument or citation to relevant authority]; *Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 99 ["Issues do not have a life of their own:  if they are not raised or supported by argument or citation to authority, we consider the issues waived"]; *Independent Roofing Contractors of California Unilateral Apprenticeship Committee v. California Apprenticeship Council* (2003) 114 Cal.App.4th 1330, 1336 [appellant has a duty to demonstrate error in the reasoning of the trial court's ruling].)

For the foregoing reasons, we affirm.

## DISPOSITION

The judgment is affirmed.

_____/s/_____
MURRAY, Acting P. J.

We concur:

_____/s/_____
DUARTE, J.

_____/s/_____
HOCH, J.